WALTER RUBIN RAMÍREZ, demandante y recurrido, *v.* HON. JOSÉ TRÍAS MONGE y OTROS, demandados y recurrentes.

*Número:* O-80-714    *Resuelto:* 30 de junio de 1981

482

*Héctor A. Colón Cruz, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados de los recurrentes; *Beatriz Vázquez,* abogada del recurrido.

PER CURIAM: El demandante Walter Rubin ocupa una plaza de Alguacil I en el Tribunal Superior de Puerto Rico, Sala de Carolina, nombrado con carácter provisional. A los fines de ser elegible como empleado probatorio tomó el examen TGJ-1-80 para la clase de Alguacil Auxiliar I, el 1 de octubre de 1980. Aprobó la parte psicológica, pero falló en la parte técnica por un punto. Solicitó, por ser veterano del Ejército, que se le acreditase en su examen un cinco por ciento adicional. Invocó la Sec. 2 de la Carta de Derechos del Veterano, 29 L.P.R.A. sec. 762. Se le negó dicha solicitud por haber fracasado en el examen y, por ende, resultar inelegible. Se amparó la Administración de Tribunales en la Regla 12.1 del Reglamento de la Administración del Sistema de Personal de la Rama Judicial, que dispone:

A los veteranos que *aprueben los exámenes* se les adjudicará la preferencia que les otorga la Carta de Derechos del Veterano [Ley Núm. 469 del 15 de mayo de 1947]. *No se*

*usará dicha preferencia para calificar aquellos veteranos que*
*sin la misma resultarían inelegibles.* (Énfasis suplido.)

Se le notificó además que sería cesanteado de su puesto tan pronto se escogiera un suplente del registro de elegibles. No conforme, instó demanda de interdicto para que se ordenara a la Administración retenerle en su empleo y que se añadiera a su examen el cinco por ciento que otorga la Carta de Derechos del Veterano.

El juez de instancia dictó sentencia a favor del demandante. Concluyó que la Regla 12.1 del Reglamento es nula por restringir los beneficios que concede la Carta de Derechos del Veterano. Interpretó que dicha ley solo requiere tomar el examen para tener derecho a la preferencia, sin necesidad de aprobarlo. Recurre ante nosotros el Procurador.

La Carta de Derechos del Veterano, 29 L.P.R.A. sec. 761 *et seq.*, dispone en la sección 762:

> A los efectos de calificar para cualquier cargo o empleo en el Servicio Estadual, la Autoridad correspondiente acreditará a todo veterano aspirante a dicho cargo o empleo en los exámenes que al efecto se ofrezcan y en los que éste participe, un cinco (5) por ciento del cómputo general de puntuación.

La Ley Núm. 13 del 2 de octubre de 1980, revisa la Carta de Derechos del Veterano y dispone en su Art. 4:

A. *Derechos Relacionados con Trabajo.*

. . . . . . . .

> (c) Sumarle cinco (5) puntos o el cinco por ciento, lo que sea mayor, a la calificación obtenida por un veterano en cualquier prueba o examen requerido a los fines de calificar para un empleo, ya sea de ingreso o ascenso. A los veteranos que tengan una incapacidad relacionada con el servicio se les abonarán cinco (5) puntos adicionales o el cinco (5) por ciento, lo que sea mayor.

La exposición de motivos de dicha ley menciona la necesidad de revisión, ya que las diferentes leyes que

benefician a los veteranos se encuentran dispersas y "adolecen de toda clase de fallas y ambigüedades". Ni la ley original ni la nueva mencionan cuándo es que se añade el cinco por ciento. Surge una disprepancia de redacción entre la Regla 12.1 del Reglamento de la Administración de los Tribunales y la ley por cuanto el Reglamento requiere que el veterano sea elegible para poder reclamar el beneficio del cinco por ciento. ¿Implica el silencio de la ley que necesariamente hay que acreditar el cinco por ciento a un aspirante que fracase en el examen de ingreso? Creemos que no. Hay consideraciones de interés público que militan en contra de dicha interpretación. No puede justificarse que una persona que no ha podido obtener el mínimo requerido para cualificar para un cargo sea designado en dicho cargo por el mero hecho de ser un veterano. Una cosa es otorgarle una preferencia a un veterano que posee los requisitos mínimos para desempeñarse en un empleo y otra cosa es otorgarle una preferencia a un individuo que no posee los requisitos mínimos para darle acceso a un empleo que de otra manera no podría obtener. Existe un interés apremiante del Estado en asegurar que todas las personas que emplee tengan las cualificaciones mínimas para desempeñarse en sus tareas.

Lo razonable es que el beneficio del cinco por ciento se acredite al veterano una vez éste demuestre estar capacitado para el empleo. Es entonces que surge la preferencia que otorga la ley. De esta manera se cumple con el espíritu de la ley sin menoscabar los intereses legítimos del Estado. La Sec. 762 parte de la premisa que el veterano está capacitado para el empleo.

Esta interpretación del estatuto se ha seguido administrativamente desde que se creó el beneficio. Señalamos en *Román* v. *Superintendente de la Policía*, 93 D.P.R. 685, 690 (1966): "Ha sido norma de derecho generalmente aceptada que la aplicación e interpretación administrativa de un estatuto por aquellos organismos particularmente en-

cargados de ponerlo en vigor y velar porque sus fines se cumplan de ordinario debe merecerle un gran peso a los tribunales. En la aplicación de la Sec. 2 de la Carta de Derechos del Veterano, la Oficina de Personal, cuyo autoridad sobre la materia no admite dudas, ha acreditado el 5 por ciento todas las veces que un veterano cubierto por la Ley *ha tomado y aprobado un examen*." (Énfasis nuestro.)

La jurisprudencia norteamericana se pronuncia a favor del mismo resultado. Se ha decidido que se puede conceder una preferencia a veteranos siempre que posean los requisitos mínimos que exige el empleo. Véanse *Commonwealth ex rel. Graham* v. *Schmid*, 33 Pa. 568 (1938), 3 A.2d 701, 120 A.L.R. 777; *Mayor of Lynn* v. *Commissioner of Civil Service*, 269 Mass. 410 (1929), 169 N.E. 502, y *State ex rel. Raines* v. *Seattle*, 134 Wash. 360 (1925), 235 P. 968. También se ha resuelto que una disposición estatutaria que conceda a veteranos un número de puntos para ayudarlos a pasar un examen o conceder una nota menor que a otros candidatos es inconstitucional. *Cook* v. *Mason*, 103 Cal. App. 6 (1929), 283 P. 891; *State ex rel. Kangas* v. *McDonald*, 188 Minn. 157 (1933), 246 N.W. 900; *Commonwealth ex rel Graham* v. *Schmid*, supra. Nos parece atinada la siguiente expresión hecha en este último caso:

> Una disposición que permita a los veteranos pasar un examen con una nota más baja que la que necesiten otros candidatos, o, una disposición que les acredite un número específico de puntos para que puedan pasar un examen, equivaldría a tanto como eximirles de tomar el examen. Será inconstitucional por no proveer una relación razonable entre el valor del entrenamiento militar y su estimación para fines del empleo público. Conceden un peso indebido al servicio militar y violan la disposición constitucional contra legislación de clases y de privilegios especiales. Pág. 706.

Por las precedentes consideraciones, *la sentencia aquí recurrida será revocada.*

El Juez Asociado Señor Díaz Cruz concurre en el resul-

tado por considerar el estatuto discriminatorio en contravención de la cláusula de igual protección de las leyes, al otorgar un privilegio en la calificación del examen contra todo interés del Estado en la idoneidad y competencia del personal de servicio público. El Juez Asociado Señor Negrón García disiente sin opinión. El Juez Presidente Señor Trías Monge no intervino.