Rossy García, Juez Ponente
*795 TEXTO COMPLETO DE LA RESOLUCION
El recurso instado en el caso de epígrafe interesa la revocación de una resolución emitida el día 24 de noviembre de 1995 por un Oficial Examinador Independiente de la Oficina del Gobernador. Mediante esta se declaró no ha lugar la apelación instada por la peticionaria para impugnar la decisión que declaró ilegal su nombramiento como empleada de carrera. Una moción de reconsideración que fue oportunamente presentada también le fue denegada.
Inconforme, la peticionaria interpuso el recurso que nos ocupa en el que imputa los siguientes errores:

"A. Erró el Honorable Oficial Examinador al hacer Conclusiones de Hecho que no están sostenidas por evidencia sustancial y al no considerar la totalidad de la prueba en el momento de hacer sus conclusiones.

B. Erró el Honorable Oficial Examinador al concluir que el nombramiento de la apelante es nulo por haberse hecho mediante el mecanismo de excepción que dispone la Sección 8.8 del Reglamento de Personal antes citado y al aplicar erróneamente dicho Reglamento."

Resolvemos, por los fundamentos que pasamos a exponer, que resulta procedente denegar la expedición del auto solicitado.
I
La peticionaria, Sra. Armanda Aguiar Soto, comenzó a trabajar para la Oficina del Gobernador Propia el 14 de agosto de 1989, con carácter transitorio, en el Programa de Recursos Entretejidos con Dedicación (RED), con un nombramiento de Funcionario Ejecutivo I. Mientras se desempeñaba con tal nombramiento, el 1ro. de octubre de 1991 la Autoridad nominadora publicó la Convocatoria número 91-11 para cubrir el puesto de Funcionario Ejecutivo I en esa dependencia. Fue así como la peticionaria, cuyo nombramiento transitorio le había sido prorrogado hasta esa fecha, pasó a ocupar dicho cargo con status regular de carrera.
Posteriormente, y ante un reclamo de varios empleados que alegaban ser acreedores a ciertas posiciones con carácter permanente, la Oficina del Gobernador Propia condujo un estudio global del status de todos los empleados de esa dependencia.
Lo particular de la Sra. Aguiar Soto, el Ayudante Especial de la Oficina del Gobernador investigó todos los archivos de la Oficina de Personal de la Fortaleza sin encontrar documento alguno que demostrara que el reclutamiento de la Sra. Aguiar Soto se hubiera hecho conforme al Reglamento de Personal de la Oficina del Gobernador. Específicamente, determinó que no existía evidencia de que se creara un Registro de Elegibles o Certificación de Elegibles o que la Sra. Aguiar Soto fuera sometida a algún tipo de examen o método de evaluación similar para medir su capacidad e idoneidad para ocupar dicho puesto regular de carrera como paso previo a que se le extendiera el nombramiento al cargo de Funcionario Ejecutivo I con status regular. Tampoco se encontró en su expediente de personal documento alguno que demostrara que la Sra. Aguiar Soto ocupara un puesto de duración fija con funciones permanentes en el servicio de carrera.
Ante la realidad antes apuntada, el 11 de julio de 1994 el Sr. Henry F. González, Ayudante Especial del Gobernador a cargo de Administración, le curso una comunicación escrita a la aquí peticionaria informándole la decisión de separarla del puesto que ocupaba, ello luego de concluir que su nombramiento de carrera era ilegal. Fundamentó tal decisión en que no se llevo a cabo el procedimiento ni se cumplió con las exigencias y el trámite dispuesto en el Reglamento de Personal para el reclutamiento de empleados al servicio de carrera, ni se había observado el principio de mérito. Le informó, además, del derecho que le asistía a solicitar una vista informal *796 previa a la determinación final en su caso.
Solicitada como fue la vista informal, y una vez señalada, la Sra. Aguiar Soto compareció a la misma asistida de abogado. Concluida la vista y a base de la prueba aportada, se determinó que su nombramiento fue ilegal y contrario al Reglamento, por lo que el examinador ante quien quedó sometido el caso recomendó que se procediera con su separación del servicio. A tenor con dicha recomendación, el 13 de agosto de 1994 la Sra. Aguiar Soto recibió una comunicación suscrita por el Sr. González en la que se le informaba su separación definitiva del servicio efectivo el 15 de agosto de 1994.
Inconforme con dicha determinación, el 29 de agosto de 1994 la Sra. Aguiar Soto apeló de dicha decisión ante el Oficial Examinador Independiente conforme establece el Reglamento aprobado por la autoridad nominadora. Señalada la correspondiente vista ante dicho oficial, comparecieron las partes asistidas de sus abogados, ocasión en la que se aportó la prueba documental y testifical a base de la cual el Oficial Examinador emitió su dictamen declarando no ha lugar la apelación interpuesta. Al así dictaminar, concluyó que el nombramiento de la Sra. Aguiar Soto al puesto de Funcionario Ejecutivo I como empleada de carrera era nulo. Desmereció así su contención para validar el nombramiento objeto de impugnación, a cuyos efectos había invocado el procedimiento especial dispuesto por la sección 8.8 del Reglamento de Personal de la Oficina del Gobernador Propia que contempla, a manera de excepción, procedimientos especiales de reclutamiento y selección. Al respecto, el Oficial Examinador razonó como sigue:

"El proceso de reclutamiento que establece este Artículo 8, requiere la divulgación real de la oportunidad del empleo, según la sección 8.2; así como el establecer los correspondientes registros de elegibles, a tenor con la sección 8.3, lo que conlleva su preparación en orden descendente de evaluación, la certificación de candidatos cualificados y la eventual selección del más idóneo, en virtud de la sección 8.4.

En el presente caso la prueba fue clara e incontrovertida en el sentido de que no se cumplió con estos requisitos procesales con anterioridad al nombramiento de la apelante. Dichos requisitos y procedimientos no son meras guías o normas huecas. Todo lo contrario se trata de los soportes procesales más importantes, sobre los cuales se sostiene el Principio de Mérito en el servicio público. En adición se infringió su objetivo fundamental de que sean los más aptos los que sirvan al Gobierno Rubin v. Trías Monge [sic], 111 D.P.R. 481.

Las áreas esenciales al principio de mérito, según definidas por ley, supra son las siguientes: 1) Clasificación de Puestos; 2) Reclutamiento y Selección; 3) Ascensos, Traslados y Descansos; 4) Adiestramientos y 5) Retención.

La parte apelante trajo a colación que el procedimiento que se había utilizado para el reclutamiento de la apelante era el procedimiento especial dispuesto por la Sección 8.8 del Reglamento. Sin embargo no aportó prueba para establecer cuales eran las circunstancias especiales que le impedían a la Agencia llevar a cabo el procedimiento de reclutamiento ordinario. Por el contrario la prueba ofrecida demostró que la Oficina del Gobernador Propia siempre utilizaba el procedimiento especial y no el ordinario dispuesto en su propio Reglamento. La justificación aducida por el Director de Personal, para utilizar ese mecanismo especial, es que alegadamente no habían los fondos y el personal suficiente en su División, para realizar los trámites requeridos por el procedimiento ordinario de reclutamiento. No obstante, aún cuando entendemos que lo alegado no exime a la Agencia de su responsabilidad de cumplir con la Ley, con las disposiciones de su propio Reglamento y del Principio de Mérito; como cuestión de realidad las razones aducidas para el incumplimiento, tampoco estaban presentes.

La prueba es clara en el sentido de que para el año fiscal 91-92, cuando fue reclutada la apelante, el presupuesto de la Oficina del Gobernador Propia aumentó, en $200,000.00, en comparación con el año anterior. En el año fiscal 1992-93 aunque el presupuesto de la Agencia sufrió una baja, aún así permaneció en una cantidad mayor a la del año fiscal 90-91 que es cuando se adopta el Reglamento. Obviamente la alegada escasez de fondos no esta presente. Resulta inaudito pensar que la oficina del Gobernador adoptó un Reglamento de Personal para el año fiscal 90-91 y no proveyó los recursos necesarios para su cabal implantación.

*797
La alegada insuficiencia de personal que impedía llevar a cabo los trámites procesales correspondientes, tampoco nos convence. Realmente no vemos impedimento alguno para que la Agencia, con alrededor de 20 a 25 empleados en el Departamento o División de Personal, no pudiera establecer y realizar los trámites adecuados para cumplir con los requisitos del trámite ordinario de reclutamiento dispuesto en el Reglamento.

Tampoco nos convence la otra alegada justificación en cuanto a que se utilizó el procedimiento especial debido a que como el Programa RED iba a ser transferido al Departamento de la Vivienda, había que ubicar al personal del programa en puestos permanentes. Dos hechos básicos fundamentan nuestra posición en ese sentido. En primer lugar la Orden Ejecutiva transfiriendo el-Programa RED al Departamento de la Vivienda fue firmada por el Hon. Pedro Rosselló González el 8 de marzo de 1993., mucho después de que la apelante fuera nombrada en su posición. En la referida orden se establece que "el personal transferido conservara los mismos derechos y beneficios que tenían al momento de la transferencia"... En segundo lugar la prueba fue clara en el sentido de que la OPG nunca aprobó la creación de puestos de naturaleza permanente y regular en la Oficina del Gobernador Propia para que las personas que ocupaban puestos transitorios en el Programa RED, compitieran por estos y/o fueran transferidos a estos automáticamente.

En definitiva no existe prueba de justificación, ni razón de clase alguna para que la División de Personal de la Oficina del Gobernador Propia se apartara y no utilizara el mecanismo ordinario de reclutamiento y selección del empleado, conforme a su propio Reglamento y al Principio de Mérito. Principio que como hemos visto anteriormente el legislador quiso que estuviera presente en la reglamentación para reclutar el personal de la Oficina del Gobernador Propia y así lo hizo constar en el historial legislativo de la Ley Núm. 3a, supra.

Una somera lectura a la Sección 8.8 del Artículo 8 del Reglamento, sería suficiente para percatarse de que se trata de un mecanismo de excepción sin las salvaguardas procesales y requisitos de competencia que contempla la Sección 8.1 y siguientes. Esta Sección 8.8 no conlleva la utilización de registros de elegibles, ni la certificación de elegibles, tampoco la toma de exámenes previo a ser incluido en el Registro de Elegibles y mucho menos requisitos de divulgación para el empleo. Se trata-de un mecanismo sumamente informal que se presta para arbitrariedades.

Como cuestión de hecho, en este caso, la apelante no fue evaluada, ni fue sometida a ningún tipo de examen o método de evaluación similar, para medir sus capacidades e idoneidad para ocupar el puesto con anterioridad al nombramiento de Auxiliar Fiscal III con status regular. Tampoco fue entrevistada previo al nombramiento y mucho menos formó parte de un Registro de Elegibles.

Es este caso el procedimiento ordinario de selección quedó frustrado al limitarse a la emisión de la convocatoria, sin continuar con el trámite de evaluación, preparación de registros y certificaciones de elegibles, etc.

Obviamente en ausencia de una razón real y verdadera para haber utilizado un mecanismo de excepción en el reclutamiento del empleado, como es el dispuesto en la Sección 8.8. del Reglamento, resulta forzoso concluir que se obvió el procedimiento ordinario con el único propósito de soslayar los requisitos de competencia que requerían las Secciones 8.1 y 8.2 y siguientes; controlar la selección e impedir que fueran seleccionados otros candidatos potenciales. Esta manera de proceder es discriminatoria, arbitraria y viola la igual oportunidad en el empleo. Una acción de esta naturaleza, que controle la selección o ascenso de personal a base de prácticas arbitrarias y discriminatorias infringe, patentemente el Principio de Mérito y es nula. Liliana Laboy v. ELA, 115D.P.R. 190(1984)." 

Frente a este dictamen adverso e inconforme con el mismo, la peticionaria interpuso el recurso que nos ocupa imputando los errores antes indicados.
n
La Ley de Personal del Servicio Público, Ley Núm. 5 del 14 de octubre de 1975, según enmendada, 3 L.P.R.A. see. 1301 et. seq., reconoce y proclama el mérito como el principio que regirá todo el servicio público. Exposición de Motivos de la Ley Núm. 5, supra Leyes de Puerto Rico, 1975, pág. 801. Mediante ésta se creó un *798 sistema unitario de administración para el personal del servicio público que incluye una administración central, 3 L. P.R.A. see. 1342, y ciertos administradores individuales, 3 L.P.R.A. see. 1338, excluyendo de su aplicación a las ramas, agencias e instrumentalidades del gobierno en ella enumeradas, entre otras, la Oficina del Gobernador Propia. Ahora bien, el hecho de que estos empleados no forman parte del sistema central de personal, no altera la condición de estos de ser empleados públicos y los convierte en privados. Aunque éstos se consideran empleados públicos, por razones de política pública se excluyeron de la aplicación detallada del estatuto pero no así de la aplicación del principio de mérito. Reyes Coreano v. Director Ejecutivo, 110 D.P.R. 40 (1980), Pueblo v. Hernández Torres, 125 D.P.R. 560 (1990). Por ello es de total aplicación el objetivo perseguido mediante el principio de mérito, a saber, "que los empleados más aptos sean los que sirvan al gobierno, y que todo empleado sea seleccionado, adiestrado, ascendido y retenido en su empleo en consideración al mérito y a su capacidad, sin discrimen por razones de raza, color, sexo, nacimiento, edad, origen o condición social, ni por ideas políticas o religiosas". 3 L.P.R.A. see. 1301.
De otra parte, y en lo que respecta a las agencias y ramas de gobierno excluidas de la Ley de Personal, supra su sec. 10.6 dispuso, no obstante, que "jijas agencias o instrumentalidades aquí excluidas...deberán adoptar con el asesoramiento de la Oficina de Personal, y dentro de los próximos 120 días de la aprobación de esta ley, un reglamento de personal incorporando el principio de mérito que regirá las normas de personal de aquellos empleados no cubiertos por convenios colectivos". Con ello cumplió la Oficina del Gobernador Propia al aprobar, el día 6 de junio de 1990, el Reglamento para la Administración de Personal de la Oficina del Gobernador Propia, según enmendado, fundamentado en el principio del mérito.
Es así como el referido Reglamento en su Artículo 8 establece y provee el método a seguirse para el reclutamiento y selección de personal al disponer como sigue:

"Artículo 8 - Reclutamiento y Selección

"Sección 8.1 - Método Para Reclutar

La Oficina del Gobernador Propia formulará y adoptará normas de reclutamiento con el objeto de atraer y retener en el servicio público aquellos recursos humanos que le permitan cumplir con los deberes inherentes a su cargo y las funciones establecidas en la Constitución, por ley o con la política pública establecida.

Las normas de reclutamiento establecerán las cualidades idóneas para que en el reclutamiento se obtengan los servicios de personas que puedan llevar a cabo eficientemente las funciones que se le asignen a las clases de exámenes y el tipo o tipos de competencia que se interese establecer. Revisándose estas periódicamente y atemperándolas a las necesidades de la Oficina del Gobernador Propia.

"Sección 8.2 - Aviso Público de las Oportunidades de Empleo

1. Como medio que propicie establecer un acervo de candidatos disponibles e idóneos para ocupar puestos en la Oficina del Gobernador Propia se podrán divulgar las oportunidades de empleo por medios de comunicación apropiados para atraer al servicio público a personas capacitadas para rendir las funciones requeridas.

2. Se rechazarán las solicitudes si se tiene conocimiento formal de los solicitantes a los efectos de que:

a. está física o mentalmente incapacitado para desempeñar las funciones del puesto;

b. incurrió en conducta deshonrosa;

c. fue convicto por delito grave o por cualquier otro delito que implique depravación moral;

d. fue destituido del servicio público ;

*799
e. es adicto al uso habitual o excesivo de sustancias controladas o bebidas alcohólicas; o

f. cometió o intento cometer, fraude o engaño'por medio de la información, sometida en la solicitud.

3. Las causales enumeradas en los subincisos (a) al, (f) del apartado 2 que antecede se usarán para rechazar solicitudes solamente en los casos en que la persona no ha sido habilitada para competir para puestos en el servicio público.

4. Se avisará por escrito, con cubierta cerrada, a la persona cuya solicitud se rechace, informándole la causa del rechazo.

"Sección 8.3 - Registro de Elegibles

Se establecerán los registros de elegibles conforme a las siguientes disposiciones:

1.Los nombres de los solicitantes se colocarán en orden descendente conforme al resultado de las evaluaciones de la información sometida con la solicitud de empleo.

2. El orden se establecerá tomando en consideración, entre otros, los siguientes factores:

a. Preparación académica general o especial.

b. Experiencia relacionada con el puesto.

c. Estudios académicos o especiales.

d. Fecha de radicación de solicitud.

3. La elegibilidad de las personas que figuran en los registros se eliminará por cualquiera de las siguientes causas:

a. La declaración por el elegible de que no está dispuesto a aceptar nombramiento. El nombre del elegible no se tomará en cuenta al momento de expedirse certificaciones para empleo mientras prevalezcan las condiciones de no aceptación estipuladas por él.

b. Dejar de comparecer a entrevista sobre nombramiento sin razón justificada.

c. No someter evidencia requerida sobre cualidades idóneas, o someter evidencia indicativa de que no tiene las cualidades idóneas para cumplir con las funciones asignadas al puesto.

d. No concurrir al trabajo después de transcurridos tres, (3) días laborales consecutivos desde la fecha de aceptación de un nombramiento, a menos que la autoridad nominadora conceda al elegible un período de tiempo adicional para tomar posesión del puesto.

e. Aviso de las autoridades postales en cuanto a la imposibilidad de localizar al elegible.

f. Haber sido convicto de delito grave o delito que implique depravación moral, o incurrir en conducta incompatible con las funciones y el puesto que ocupará en la oficina del Gobernador Propia.

g. Tener conocimiento oficial y formal del uso habitual y excesivo de bebidas alcohólicas o sustancias controladas.

h.Suministrar falso testimonio sobre cualquier hecho concreto en relación con su solicitud de empleo o de examen.

*800
i.Comisión, o intento de cometer engaño o fraude en la solicitud, en los exámenes, o en la obtención de elegibilidad o nombramiento.

j. Declaración de incapacidad por algún Tribunal competente.

k. Destitución del servicio público.

l. Muerte del elegible.

4. Podrá eliminarse la elegibilidad de la persona por cualquier de las siguientes razones:

a. Nombramiento del elegible para un puesto regular, mediante certificación del registro establecido para esa clase de puesto.

b. Declinación del nombramiento que se ofrezca bajo las condiciones previamente estipuladas o aceptadas por el elegible.

5. Al candidato cuyo nombre se elimine de un registro de elegibles a tenor con los incisos 3 y 5, anteriores se le enviará aviso escrito al efecto. Si la eliminación resulta errónea, se restituirá el nombre a dicho registro.

6. La duración de los registros dependerá de su utilidad y adecuación para satisfacer las necesidades del servicio. Los registros podrán cancelarse en circunstancias como las siguientes:

a. Cuando se desee atraer nuevos candidatos introduciendo nueva competencia o requisitos diferentes.

b. Cuando se elimine la clase de puesto para la cual se estableció el registro,

c.Cuando se determine la existencia de algún tipo de fraude general en el procedimiento de las evaluaciones.

7. Se avisará a los elegibles cuando los registros se cancelen o cumplan su vigencia.

8. El nombramiento de una persona para ocupar un puesto transitorio no eliminará su nombre de los regis-tros en que figure. Se establecerán, además registros especiales por clases de puestos conteniendo los nombres de personas con derecho a reingreso, armonizando con el Artículo 16 de este reglamento, después de separarse de puestos de confianza o con derecho reingreso luego de haberse separado del servicio.

"Sección 8.4 - Certificación y Selección

Los puestos vacantes en el servicio de carrera se cubrirán mediante la selección de los candidatos que figuren en los registros de elegibles, conforme a lo siguiente:

1. El director de la unidad de trabajo someterá una requisición de empleados.

2. Se expedirán certificaciones para cubrir las vacantes en el orden de recibo de las solicitudes. Los elegibles incluidos en cada certificación deberán ser los primeros diez, (10) que aparezcan en el registro.

3. El nombre de un elegible en registros para distintas clases podrá certificarse simultáneamente para vacantes en tales clases.

4.Cuando un candidato se incluya en más de una certificación de elegibles para una misma clase de puesto .y resulte seleccionado por más de una unidad de trabajo, se le dará prioridad para el nombramiento de la persona a la unidad que primero notifique la selección de ésta dentro de quince (15) días laborables a partir de la fecha de envío de la certificación de elegibles; no obstante se podrá seleccionar a un candidato que *801 comparezca aún cuando hayan comparecido menos de diez (10) elegibles.

5. Cuando no se pueda seleccionar debido a que uno a más dé los candidatos incluidos en la certificación no han comparecido a entrevista o no esten dispuestos a aceptar nombramiento bajo las condiciones estipuladas, se podrá incluir candidatos a la certificación original hasta completar el total de diez (10) elegibles.

6. Se podrá negar la certificación de un elegible por cualquiera de las razones expuestas en el inciso 2 de la Sección 8.2 de este reglamento. Dicha negativa deberá avisarse por escrito a la persona afectada indicando la causa o causas en que se funda.

7. Si alguna unidad de trabajo interesa cubrir más de un puesto vacante en la misma clase, se determinará el número de elegibles adicionales a certificarse para cada vacante adicional, sin que se exceda de diez (10) por cada vacante adicional.

8. Cuando se solicite cubrir un puesto para el cual se ha establecido un registro especial, se enviará la relación de los nombres de las-personas que aparezcan en dicho■ registro, adicionalmente a la certificación de elegibles del registro ordinario. En estos casos, se podrá seleccionar, para cubrir el puesto, a cualquier candidato del registro especial o del registro ordinario.

Lo anterior no aplicará cuando los registros para una misma clase de puesto incluyan alguna persona mediante reingreso luego de haber estado disfrutando de una anualidad por incapacidad ocupacional o no ocupacional de alguno de los sistemas de retiro del Gobierno o algún becario que al completar sus estudios no haya podido ser nombrado. En estas circunstancias se certificarán como únicos candidatos y se nombrarán, si están disponibles. Cuando en los registros para una misma clase de puesto se incluyan los nombres de un expensionado y de un becario, se certificará como único candidato al ex-pensionado.

9. Todo traslado, ascenso o descenso de un empleado seleccionado de una certificación de elegibles, y cualquier otra transacción de personal, se tramitará dentro de la mayor brevedad posible.,

10. Los puestos permanentes vacantes se podrán cubrir mediante ascensos sin oposición de empleados, conforme se establece en el inciso 3 de la Sección 9.1 de este reglamento.

11.Se podrán autorizar certificaciones selectivas en los siguientes casos:

a. Cuando las cualificaciones especiales de los puestos lo requieran.

b. Cuando los aspirantes han expresado por escrito su preferencia por trabajar en determinado municipio o área geográfica.

12.Se facilitará el reclutamiento de empleados de la Oficina del Gobernador Propia hacia otros organismos públicos.

"Sección 8.5 - Verificación de Requisitos, Examen Médico y Juramento de Fidelidad.

1. Se verificará que los candidatos seleccionados reúnan los requisitos considerados idóneos para desempeñar con eficiencia las funciones correspondientes a los puestos en los cuales serán nombrados y demás condiciones de ingreso al servicio público. Adicionalmente, se verificara que el candidato reúna los requisitos de licencia o colegiación requeridos para ejercer la ocupación o profesión inherente al puesto al que se nombrará.

2. Se podrá cancelar la selección de un candidato si no presenta evidencia requerida o no tiene las condiciones idóneas según la evidencia presentada.

3. Se requerirá evidencia, expedida por un médico autorizado a practicar su profesión en Puerto Rico, 
*802
demostrando que la persona seleccionada para ingresar al Servicio público está física y mentalmente capacitada para ejercer las funciones del puesto. Se podrá solicitar esta evidencia cuando se considere conveniente al servicio, en casos de ascensos, traslados o descensos.

4. Cuando se determine o se tenga base razonable para creer que un empleado esta física o mentalmente incapacitado para desempeñar los deberes de un puesto, se le podrá requerir que se someta a examen médico con un médico que seleccione el Ayudante Especial del Gobernador a cargo de Administración sin costo para el empleado.

5. Se podrá obviar el requisito de examen médico en los casos de nombramientos transitorios de seis (6) meses o menos y en prórrogas de nombramientos transitorios, en este último, si ha habido un examen previo. Esta disposición no impide se someta a examen médico a un empleado en cualquier momento que se estime necesario, según la naturaleza del servicio y demás circunstancias lo justifiquen.

6. Se determinará el tipo de examen médico requerido para cada situación particular para ingreso al servicio. No se discriminará contra personas incapacitadas cuya condición no les impida desempeñar las funciones adscritas a ciertos puestos.

7. Toda persona a ser nombrada para ingreso al servicio público radicará su acta de nacimiento o, en su defecto, un documento legalmente válido equivalente.

8. Toda persona nombrada para ingreso al servicio público en el Estado Libre Asociado de Puerto Rico prestará, como requisito de empleo, el juramento de fidelidad y toma de posesión requerido por la Ley 14 de 24 de julio de 1952.

"Sección 8.6- Período de Trabajo Probatorio

1.Toda persona nombrada o ascendida para ocupar un puesto permanente de carrera estará sujeta al período probatorio de dicho puesto como parte del proceso de selección en el servicio público excepto según se disponga expresamente en este reglamento.

2. El período de trabajo probatorio abarcará un ciclo completo de las funciones del puesto. La duración de dicho período se establecerá sobre esta base y no será menor de tres (3) meses ni mayor de un (1) año. El período probatorio no se prorrogará.

3. Durante el período probatorio se orientará y adiestrará al empleado sobre los programas de organización de la Oficina del Gobernador Propia, funciones del puesto, reglas y normas que rigen el organismo gubernamental y sobre los hábitos y actitudes que el empleado debe poseer o desarrollar. Se usarán los formularios oficiales diseñados para estos fines. Toda evaluación periódica, y la final se discutirá previamente con el empleado, deforma que conozca su ubicación en el desarrollo del período probatorio y para estimular su mejoramiento.

4.En el período probatorio se observará la productividad, eficiencia, los hábitos y las actitudes del empleado.

5.Se podrá separar al empleado de su puesto en el transcurso, o al finalizar, el período probatorio, luego de ser debidamente orientado y adiestrado, si se determina que su progreso y adaptabilidad a las normas del servicio no es satisfactorio. La separación se efectuará mediante comunicación oficial escrita por el Ayudante Especial del Gobernador a cargo de Administración. Dicha comunicación se entregará al empleado con no menos de quince (15) días de antelación a la fecha de separación.

6.Todo empleado que apruebe satisfactoriamente el período probatorio pasará a ocupar el puesto con carácter permanente. El cambio se tramitará antes de terminar el período probatorio, avisando al empleado: copia de la evaluación final acompañará al aviso.

*803
7. Si por cualquier razón justificada, entre otras, la concesión de algún tipo de licencia, cesantía, ascenso, traslado o descenso del empleado, interrumpe por no más de un (1) año el período probatorio de un empleado, se le acreditará el período de prueba que sirvió antes de la interrupción.

8. Todo empleado que fracase en el período probatorio por razones que no sean sus hábitos o actitudes, y hubiere sido empleado regular inmediatamente antes en la Oficina del Gobernador Propia, tendrá derecho a ser reinstalado en un puesto de la misma clase del que ocupaba con carácter regular o análogo. La Oficina del Gobernador Propia gestionará su reinstalación en cualquiera de sus programas.

9. Si la persona ha desempeñado satisfactoriamente los deberes del puesto mediante nombramiento transito-rio, el período de servicios prestado mediante tal nombramiento transitorio se le acreditará al período probato-rio.

10. Si la persona ha desempeñado satisfactoriamente los deberes del puesto con carácter interino, el período de servicios prestados mediante interinato se le acreditará al período probatorio, si concurren las siguientes circunstancias:

a. Que se designó por el Ayudante Especial del Gobernador a cargo de Administración para desempeñar el referido puesto interinamente.

b. Que en todo el período desempeñó todos los deberes normales del puesto.

c. Que al designarse reúna los requisitos mínimos requeridos para el puesto.

Cualquier empleado que fracase en su trabajo probatorio podrá solicitar que un tercero independiente revise la determinación. -Se requerirá que de- su escrito de revisión claramente exprese los hechas específicos en que se sostienen las alegaciones.

"Sección 8.7- Nombramientos Transitorios

A. El puesto que se cree por término fijo tendrá carácter transitorio. También son transitorios los nombramientos en puestos permanentes en las siguientes circunstancias:

1.Cuando el incumbente del puesto esté disfrutando de licencia sin sueldo.

2.Cuando exista una emergencia en la prestación de servicios haciéndose imposible o inconveniente certificar candidatos de un registro de elegibles, en cuyo caso el nombramiento no excederá de noventa (90) días.

3. Cuando no exista un registro de elegibles adecuado para algún puesto que requiera algún tipo de licencia y el candidato a nombrarse posea licencia provisional.

4. Cuando el incumbente del puesto fue destituido y solicitó revisión de esa acción.

5. Cuando el incumbente del puesto fue suspendido de empleo y sueldo por determinado tiempo.

6. En casos de puestos vacantes itinerantes que se transfieren periódicamente de una zona geográfica a otra o de un programa a otro, por necesidad del servicio.

7. Cuando el incumbente del puesto pasó a ocupar otro puesto mediante nombramiento transitorio, y con derecho a regresar a su anterior puesto.

B. El proceso de reclutamiento de los aspirantes a nombramientos consistirá de una evaluación de los 
*804
candidatos a los únicos fines de determinar si cumplen con las cualidades idóneas para llevar a cabo las funciones del puesto.

C. Ninguna persona que haya recibido nombramiento transitorio podrá ser nombrada para desempeñar puestos en el servicio de carrera con status probatorio o regular a menos que haya pasado por el proceso de reclutamiento y selección que establece este reglamento.

D. El nombramiento transitorio efectuado para cubrir un puesto permanente, porque no se dispone de registros apropiados y cuando la urgencia de los servicios a prestarse lo justifiquen, será por el período que se requiera para establecer los registros correspondientes. En estos casos el reclutamiento podrá limitarse al puesto y ala zona a los fines de atender las necesidades específicas y particulares de la Oficina del Gobernador Propia. También como último recurso, y tomando en consideración las prioridades y la urgencia del servicio, podrá ofrecerse una evaluación al candidato o candidatos disponibles que cualifiquen plenamente para desempeñar los deberes, pudiéndosele nombrar como empleado probatorio si la misma es satisfactoria.

Por conveniencia del servicio, se podrá ascender o trasladar tránsitoriamente a empleados, con status regular o probatorio, para ocupar puestos de duración fija y puestos permanentes que se deban cubrir con carácter transitorio. Tales empleados conservarán los derechos adquiridos en sus puestos permanentes, entre otros, los de licencia y reinstalación a sus puestos en propiedad.

"Sección 8.8- Procedimientos Especiales de Reclutamiento y Selección.

Cuando sea impracticable atender las necesidades del servicio, sujetándose al procedimiento ordinario de nombramiento establecido en este reglamento, se podrán utilizar procedimientos especiales de reclutamiento y selección cuando no se disponga de registros de elegibles apropiados para determinadas clases de puestos y la urgencia del servicio a prestarse lo justifiquen, y para garantizar igualdad de oportunidad en el empleo a participantes de programas de adiestramiento y empleo, a fin de cumplir con las metas de tales programas.

Los procedimientos especiales de reclutamiento y selección se ajustarán a las siguientes normas:

"1. Los nombramientos se harán considerando la idoneidad y capacidad de los candidatos.

2. Se usarán los medios de comunicación más convenientes para divulgar las oportunidades de empleo al iniciarse el proceso de reclutamiento de candidatos.

3. Se crearán listas de candidatos cualificados, para cada clase de puesto, por los medios más apropiados.

4. Los candidatos estarán cualificados para cumplir eficientemente con los deberes asignados al puesto.

5. El reclutamiento será continuo hasta tanto se satisfagan las necesidades del servicio.

6. Se seleccionará de entre los candidatos mejor cualificados que estén disponibles.

El procedimiento especial de reclutamiento se limitará a examinar las personas a reclutarse. El examen consistirá de una evaluación a los únicos fines de determinar si éstas reúnen las cualidades idóneas para cumplir eficientemente con los deberes asignados al puesto correspondiente."

Observamos así cómo la sección 8.2 del referido artículo requiere y ordena la divulgación de las oportunidades de empleo para atraer al servicio público personas capacitadas para rendir las funciones requeridas; la see. 8.3 ordena la confección de un registro de elegibles conforme al procedimiento y siguiendo el orden de prelación a base de méritos en ella dispuesto; la see. 8.4 ordena que los puestos vacantes sean cubiertos mediante la selección de candidatos que figuren en los registros de elegibles conforme al procedimiento allí establecido; la see. 8.5 requiere, entre otros particulares, la verificación de los requisitos que se consideran idóneos y necesarios para desempeñar con eficiencia las funciones del puesto al cual será nombrado el aspirante; *805 la sec. 8.6 fija y requiere un período probatorio a la persona nombrada o ascendida para ocupar un puesto permanente de carrera, la see. 8.7 provee para nombramientos transitorios en los casos de excepción en ella dispuestos; y, finalmente, la see. 8.8 contempla e implanta un procedimiento especial de selección y reclutamiento para casos excepcionalísimos en que "sea impracticable... sujeta[rse] al procedimiento de nombramiento establecido en este reglamento".
Es ante la realidad de que el procedimiento utilizado para el nombramiento de la peticionaria no cumplió ni se ajustó a lo ordenado y dispuesto en el Reglamento de la Oficina del Gobernador, el que fue aprobado precisamente en cumplimiento de un mandato de ley para incorporar el principio de mérito en todo asunto de personal, que dicha peticionaria invoca el mecanismo de excepción dispuesto por la see. 8.7, cuya aplicación a la situación del caso que nos ocupa fue rechazada mediante el dictamen recurrido, a base de fundamentos que suscribimos y adoptamos íntegramente. Así, enfrentada a dicho dictamen, ésta se limita a impugnar en el recurso instado, sin base o mérito alguno en su argumentación, la apreciación que de la prueba hizo el Oficial Examinador así como la suficiencia de la misma para apoyar su dictamen. Argumenta, además, de manera frívola y haciendo total abstracción de las exigencias y el trámite dispuesto en el Reglamento antes referido, que incidió el Oficial Examinador al concluir que el nombramiento de la peticionaria objeto de controversia es nulo.
En lo que respecta al primer señalamiento de error, basta con indicar que para que un tribunal pueda decidir que la determinación de una agencia no está basada en evidencia sustancial, es decir, que la evidencia en el expediente no es suficiente para sostener una determinación administrativa, es necesario que el peticionario apunte y demuestre claramente que la decisión del organismo administrativo fue arbitraria y no estuvo justificada por una evaluación justa del peso de la prueba que tuvo ante sí. P.R.T.C. v. Unión Independiente de Empleados, 131 D. P.R. (1992), 92 J.T.S. 93. Así, es norma clara que, de ordinario, los tribunales no intervendrán con las determinaciones de hechos de un organismo administrativo si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad. Metropolitana S.E. v. A.R.P.E., 138 D.P.R. _ (1995), 95 J.T.S. 39; Hilton Hotels International, Inc. v. Junta de Salario Mínimo, 74 D.P.R. 670 (1953). Tal obligación de prueba que pesa sobre la peticionaria no ha sido descargada en el caso que nos ocupa. Tampoco existe base alguna que nos permita concluir que la determinación del Oficial Examinador no está apoyada por una evaluación justa e imparcial de la totalidad de la prueba.
Independientemente de lo antes indicado, y contrario a lo argumentado por la peticionaria, ninguna controversia existe en cuanto a que el poder nominador ignoró y no cumplió con el trámite y las exigencias procesales dispuestas por el Reglamento de Personal de la Oficina del Gobernador Propia al extenderle un nombramiento para ocupar un puesto con status regular de carrera. Según ya indicado, dicho Reglamento tiene el propósito cardinal de reglamentar los procedimientos de administración del personal y la conducta de empleados y funcionarios que rinden servicios en dicha dependencia para asegurar que se pueda contar con los empleados más dedicados, capacitados y competentes que sea posible reclutar. Es éste precisamente el objetivo fundamental del principio de mérito; que los más aptos sean los que sirvan al gobierno. 3 L.P.R.A. see. 2.1. Hernández v. Policía, 135 D.P.R. _ (1993), 93 J.T.S. 137, 11198, Rubin v. Trías Monge, 111 D.P.R. 481, 484 (1981).
Finalmente, tampoco existe fundamento alguno para intervenir con el dictamen del Oficial Examinador a los efectos de que ninguna razón real y verdadera estaba presente para justificar la utilización del mecanismo de excepción dispuesto para el reclutamiento de personal, al margen del procedimiento ordinario establecido en el Reglamento. Tal aplicación liberal del mecanismo de excepción ahora invocado, en circunstancias no justificadas, no tendría otro alcance y consecuencia legal que aquél de facilitar la infracción a la clara política pública que anima la Ley de Personal del Servicio Público y el Reglamento de Administración de Personal de la Oficina del Gobernador sobre el reclutamiento, selección y retención de los empleados, basada en el principio de mérito. A tal práctica no podemos acceder. Independientemente de ello, y como bien se ha resuelto, una vez una agencia ha promulgado unos reglamentos para facilitar su proceso decisional y limitar el alcance de su discreción, viene obligada a observarlos estrictamente y no queda a su soberana voluntad reconocer o no los derechos, beneficios, trámites y procedimientos que ella ha provisto para beneficio de sus empleados. García Cabán v. U.P.R., 120 D.P.R. 167, 175 (1987); Díaz de Llovet v. Gobernador, 112 D.P.R. 747, 757 (1982).
*806 Resolvemos, en consecuencia, a base de los fundamentos antes consignados y dando aplicación a la norma de autorrestricción que dicta que las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran consideración y respeto, Fuertes v. ARPE, 131 _ D.P.R. _ (1992), 92 J.T.S. 105, y en ausencia de proceder ilegal, arbitrario o irrazonable por parte de la agencia recurrida, o base que permita concluir que la determinación recurrida no está justificada por una evaluación justa e imparcial de la totalidad de la prueba, que resulta procedente denegar la expedición del auto solicitado.
m
Por los fundamentos anteriormente expuestos, se deniega la expedición del auto de revisión solicitado.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 188
1. Véase Resolución, Apéndice del recurso, págs. 16-19.
2. Véase, Introducción al Reglamento para la Administración de Personal de la Oficina del Gobernador Propia, aprobado el día 6 de junio de 1990.