Rodríguez de Oronoz, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Recurrente de epígrafe interesa que se revoque una resolución emitida por la Junta de Síndicos de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (en adelante Junta de Síndicos). Mediante dicha resolución, la Junta de Síndicos ordenó reinstalar a la referida recurrente en su puesto de cocinera en el Departamento de Educación o en cualquier otro empleo con igual retribución, por lo menos, a la que percibe. En consecuencia, denegó la solicitud de incapacidad hecha por la recurrente al amparo de la Ley Núm. 447 de 15 de mayo de 1951, según enmendada (en adelante Ley 447). Luego de examinar los escritos de las partes, así como los demás documentos obrantes en el expediente, resolvemos que procede confirmar.
I
Iris Resto Vélez (en adelante Resto) se desempeñaba como cocinera en el Departamento de Educación. El 9 de abril de 1979, Resto sufrió un accidente de trabajo a partir del cual el *1035 Fondo del Seguro del Estado (en adelante F.S.E.) le relacionó una condición de la espalda (miositis cervical con residuales) y una reacción depresiva a nivel neurótico. A base de dichas determinaciones, el F.S.E. otorgó a Resto un 10% y un 5% de pérdida de sus facultades fisiológicas generales, respectivamente. El 29 de agosto de 1983, Resto sufrió un segundo accidente de trabajo. Esta vez, el F.S.E. diagnosticó asma bronquial y rhinitis alérgica. Por razón de ello, concedió una pérdida de 10% de sus facultades fisiológicas generales.
Por causa de dichos accidentes, Resto presentó solicitud de incapacidad ocupacional al amparo de la Ley 447 ante el Sistema de Retiro de los Empleados del Gobierno y la Judicatura (en adelante Sistema de Retiro). Tal solicitud fue denegada. Resto presentó apelación de dicha determinación ante la Junta de Síndicos, la cual, sin embargo, confirmó la decisión del Sistema de Retiro. De este modo, el 22 de agosto de 1996, Resto compareció ante este Tribunal de Circuito de Apelaciones mediante Solicitud de Revisión. En la misma señala que la Junta de Síndicos cometió dos errores, a saber:

"Erró la Honorable Junta de Síndicos al determinar que la recurrente de epígrafe se encuentra capacitada para cumplir con las labores de su empleo o de uno de igual retribución sin haber considerado las condiciones relacionadas por el Fondo del Seguro del Estado de "Miositis cervical con residuales" y "Reacción depresiva a nivel neurótico" y conforme a la Ley de Procedimiento Administrativo Uniforme para el Estado Libre Asociado de Puerto Rico, Ley Número 170 del 12 de agosto de 1988, Sección 3.14 (3 L.P.R.A. Sección 2164) y la Ley Número 447 del 15 de mayo de 1951, según enmendada.

Erró la Honorable Junta de Síndicos al no considerar y descartar prueba médica nueva por el fundamento que "no importa el impacto de la misma es sumamente imposible descifrar o deletrear el contenido de ésta, pues no es legible en su gran mayoría."
Procedemos a resolver si la Junta cometió los errores imputados.
II
De entrada delimitamos el marco de nuestra función revisora. El Tribunal Supremo de Puerto Rico ha resuelto reiteradamente que las decisiones de los organismos administrativos merecen la mayor deferencia judicial porque cuentan con experiencias y conocimientos altamente especializados sobre los asuntos que se le encomiendan. La Facultad para las Ciencias Sociales Aplicadas, Inc. v. Consejo de Educación Superior, _ D.P.R. _ (1993), 93 J.T.S. 88; Asociación de Doctores en Medicina al Cuidado de la Salud Visual Inc. etc. v. Dra. Ivette Morales y Colegio de Optómetras de Puerto Rico, _ D.P.R. _ (1993), 93 J.T.S. 12; Rubin Ramírez v. Trías Monge, 111 D.P.R. 481 (1981); Román v. Superintendente de la Policía, 93 D.P.R. 685 (1966). De manera que los tribunales vienen obligados a ser cautelosos al intervenir con dichas decisiones. Fuentes v. ARPE, _ D.P.R. _ (1993), 93 J.T.S. 165; Viajes Gallardo v. Homero Clavell, _ D.P.R. _ (1992), 92 J.T.S. 90.
En este sentido, las decisiones de las agencias administrativas gozan de una presunción de corrección y regularidad que impone, en quien las impugna, el deber de probar que se ha actuado en forma arbitraria, caprichosa o en clara violación de los derechos constitucionales fundamentales.
Maisonet Felicié v. Corp. F.S.E., _ D.P.R. _ (1996), 96 J.T.S. 169; Vázquez v. A.R.P.E., _ D.P.R. _ (1991), 91 J.T.S. 53; Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194 (1987).
Las determinaciones de hechos a las que llegan las agencias administrativas serán sostenidas por los tribunales si las mismas están basadas en evidencia sustancial que obra en el expediente administrativo. Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 *1036 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2175; Metropolitana, S.E. (ATRIUM PLAZA) v. ARPE, _ D.P.R. _ (1995), 95 J.T.S. 39. Así, nuestro más alto foro a establecido:
"Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada... y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 686 (1953)." Metropolitana, S.E. (ATRIUM PLAZA) v. ARPE, supra, a la pág. 767
En el caso ante nuestra consideración, la recurrente argumenta, en primera instancia, que no se tomó en cuenta su padecimiento de la espalda y su padecimiento emocional. No tiene razón. Si bien las determinaciones de hechos de la Junta de Síndico no mencionan el origen y fecha de dichos padecimientos, si los aceptaron como parte de sus determinaciones de hechos y los consideraron para emitir sus conclusiones de derecho. La Junta de Síndicos alude al padecimiento de la espalda presentado por Resto al expresar, como parte de sus determinaciones de hechos, lo siguiente: "Aqueja además, la señora Resto dolores de espalda que no la dejan realizar tareas o labores cotidianas en su hogar". Apéndice, a la pág. 2. Además, dicha Junta se refiere al padecimiento emocional sufrido por Resto al expresar: "En adición a lo anterior, se le relacionó una condición de los nervios pues se deprime y esto no le permite dormir bien". Id. Queda claro que ambos padecimientos fueron contemplados, junto a otro de asma bronquial, entre los hechos aceptados por la Junta de Síndicos.
Asimismo, en sus conclusiones de derecho, la Junta de Síndicos consideró los padecimientos de la espalda y el de carácter emocional presentados por Resto junto con la condición de asma bronquial diagnosticada. No obstante, la Junta de Síndicos concluyó que Resto no aportó prueba suficiente para persuadirlos de conceder los beneficios de la Ley 447. Al respecto expresó:

"Aqueja la señora apelante condición de asma bronquial, rinitis alérgicas y dolores de espalda y emocional que alega no le permiten desempeñarse en sus menesteres como cocinera del Departamento de Instrucción. "

Hemos analizado la prueba tanto testifical como documental y entendemos que la que se ha presentado y desfilado no es suficiente para que accedamos a lo solicitado. Por otro lado es tan mínimo el tiempo trabajado y/o cotizado en el gobierno que no amerita auscultemos la posibilidad de una incapacidad No Ocupacional.

La señora Resto no ha presentado prueba médica que mueva el ánimo del juzgador a concedérsele los beneficios de la Ley. Si bien es cierto que su condición se le relaciona con su trabajo no es menos cierto que dicha prueba no establece una incapacidad total y permanentemente que la incapacite." Apéndice, a la pág. 5.
Evidentemente, todos los padecimientos presentados por Resto fueron considerados por la Junta de Síndicos antes de emitir su juicio en cuanto a la procedencia de conceder los beneficios de la Ley 447. Los mismos fueron aceptados como hechos en las determinaciones de hechos realizada por la Junta y aquilatados previo a la emisión de sus conclusiones de derecho. El resultado adverso obtenido por Resto no fue por causa de falta de consideración de elementos sino, tal como resuelve la Junta de Síndicos, por falta de prueba suficiente que estableciera su incapacidad al amparo de la Ley 447.
En segundo término, la recurrente plantea que la Junta de Síndicos descartó prueba médica v__!_!___:_ *1037 adicional por resultarle indescifrable. La Junta de Síndicos no descartó tal prueba. De su resolución se desprende que, si bien la mayoría de sus partes de dicha prueba le resultaron ilegibles, las que no presentaron problemas fueron evaluadas. Apéndice, a la pág, 5. Dicha prueba consistía en informes médicos preparadas por los doctores Rosso y González en los cuales, según argumenta la recurrente, se señalaba el carácter crónico y recurrente de su condición de asma. Petición de Revisión, a las págs. 5-6. La medida en que la Junta de Síndicos basó su decisión en el criterio médico de otro doctor, Dr. Cuebas, quien determinó que la condición de asma de Resto no era incapacitante, a todas luces sostiene el estándar de evidencia sustancial y convierte el planteamiento en inmeritorio.
Las determinaciones de hechos de la Junta de Síndicos sostienen sus conclusiones de derecho. La recurrente Resto no ha demostrado que exista otra prueba en el récord que razonablemente menoscabe el peso de la evidencia a base de la cual la Junta de Síndicos resolvió. No podemos, concienzudamente, concluir que la evidencia en la que se basó la referida Junta no fue sustancial. Resto tampoco ha probado que la Junta de Síndicos actuó en forma arbitraria, caprichosa o en clara violación de sus derechos fundamentales. Ausente tal demostración la decisión del organismo administrativo merece la mayor deferencia de nuestra parte.
Por lo antes dicho, se confirma la resolución recurrida.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General