Rodríguez de Oronoz, Juez Ponente
*1010 TEXTO COMPLETO DE LA SENTENCIA
El recurrente de epígrafe interesa que revoquemos la Resolución emitida el 24 de septiembre de 1996 por la Junta de Síndicos de los Sistemas de Retiro de los Empleados de Gobierno y de la Judicatura (en adelante Junta de Síndicos). Mediante dicha Resolución, la Junta de Síndicos confirmó la decisión de la Administración de los Sistemas de Retiro de los Empleados de Gobierno y de la Judicatura (en adelante Administración) denegando al referido recurrente los beneficios de la pensión bajo la Ley Núm. 127 de 27 de junio de 1958, 3 L.P.R.A. 376 (en adelante Ley 127). Luego de examinar los escritos de las partes, así como los demás documentos que obran en autos, resolvemos confirmar.
I
Miguel A. Rodríguez Rivera (en adelante Rodríguez) trabajaba como bombero para el Servicio de Bomberos de Puerto Rico. El 13 de diciembre de 1982 Rodríguez sufrió un accidente de trabajo mientras se dirigía a la extinción de un incendio. Por causa de dicho accidente se reportó al Fondo del Seguro del Estado (en adelante F.S.E.), donde se le brindó tratamiento hasta que se le dio de alta. Posteriormente, Rodríguez alegó haber desarrollado una condición emocional o psiquiátrica como secuela del accidente sufrido. No obstante, el 15 de enero de 1985, el F.S.E. resolvió que la condición psiquiátrica alegada por Rodríguez no estaba relacionada con su accidente del trabajo aceptado. Apéndice, anejo 4.
Luego, el 14 de octubre de 1986, Rodríguez se reportó al F.S.E. nuevamente. Esta vez alegó que su supervisor le perseguía y que ello le causaba ansiedad, irritabilidad y nerviosismo. Mediante resolución de 7 de agosto de 1987, el F.S.E. acogió los planteamientos de Rodríguez y resolvió que quedó probado un accidente del trabajo. Apéndice, anejo 5.
En dicha resolución, el F.S.E. expuso parte de lo expresado en el informe preparado por el psiquiatra que examinó a Rodríguez, quien, al hacer referencia al accidente de trabajo sufrido por Rodríguez el 13 de diciembre de 1982, señaló: "Para este especialista ese paciente está enfermo desde entonces, quizás desde antes. Su personalidad paranoide hace que distorsione la realidad ambiéntal con facilidad." Apéndice, anejo 5. La referida resolución del F.S.E. también señaló que Rodríguez alegó una condición emocional secundaria por dicho accidente y que la misma fue denegada. Apéndice, anejo 5.
El 25 de octubre de 1988 el F.S.E. dio de alta a Rodríguez con una incapacidad de 50% de las funciones fisiológicas generales. Este acudió en apelación ante la Comisión Industrial, la *1011 cual, mediante resolución del 5 de octubre de 1989, resolvió otorgar a Rodríguez una incapacidad total (100%) permanente. Apéndice, anejo 6. Dicha pensión se otorgó bajo la Ley Núm. 447 de 15 de mayo de 1951, 3 L.P.R.A. sec. 761.
El 17 de noviembre de 1992, Rodríguez acudió ante la Administración y solicitó que se reevaluara su caso y que se le concedieran los beneficios correspondientes al amparo de la Ley 127. La Administración no acogió dicha solicitud. Rodríguez solicitó reconsideración de tal determinación, pero el 20 de octubre de 1995 la Administración resolvió sin lugar tal reconsideración y determinó que la Ley 127 resultaba inaplicable. Rodríguez presentó entonces apelación ante la Junta de Síndicos; sin embargo, ésta emitió una resolución el 24 de septiembre de 1996 en la que resolvió confirmar a la Administración. Apéndice, anejo 1.
Rodríguez compareció ante este Tribunal de Circuito de Apelaciones el 31 de diciembre de 1996. Solicita que dejemos sin efecto la resolución de la Junta de Síndicos y concedamos los beneficios bajo la Ley 127. Procedemos a resolver.
II
La Ley 127 aplica a los miembros del Cuerpo de Bomberos si alguno de éstos, en el desempeño de sus funciones, se incapacita mental o físicamente para el servicio o muere bajo las siguientes circunstancias:

"2. En caso de un miembro del Cuerpo de Bomberos:

(a) Al dirigirse a, o mientras se dedica a la extinción de un incendio.

(b) Al ser atacado al poner o tratar de poner fin a cualquier desorden, motín o cualquier acción contraria al orden, a la seguridad pública o ala autoridad debidamente constituida, a requerimiento de la Policía.

(c) Al intervenir en el salvamento de la vida de un semejante o para proteger propiedades que por cualquier circunstancia corrieren peligro para lo cual tuviere que arriesgar la suya propia.

(d)Al adiestrarse o llevar a cabo simulacros para probar sus destrezas y desarrollar nuevas técnicas que se utilizarán en la extinción de incendios." Ley 127, supra, 3 L.P.R.A. see. 377.
Rodríguez sostiene que dicha ley le aplica en virtud de lo dispuesto en el inciso 2(a) de la sección 377 citada, ya que la condición mental a base de la cual se le declaró incapacitado se originó en el accidente que sufrió el 13 de diciembre de 1982 mientras se dirigía a extinguir un incendio. No tiene razón.
El accidente sufrido por Rodríguez el 13 dé diciembre de 1982 no le produjo ninguna incapacidad por razón mental. Así lo estimó el F.S.E., el cual resolvió que no existía vínculo alguno entre dicho accidente y la condición emocional alegada por Rodríguez en ese momento. Apéndice, anejo 4. La declaración de incapacidad por condición mental realizada por el F.S.E. y aumentada al 100% por la Comisión Industrial se produjo por razón de un segundo accidente sufrido por Rodríguez en octubre de 1986, el cual consistió en el desarrollo de ansiedad, irritabilidad y nerviosismo por causa de una alegada persecución de la cual Rodríguez era víctima. Apéndice, anejos 5 y 6. Esta, sin embargo, no es una de las instancias en que la Ley 127 adviene aplicable.
El recurrente argumenta que las expresiones del psiquiatra contenidas en la resolución de la Comisión Industrial establecen un vínculo entre el accidente de 1982 y su condición *1012 mental. Se equivoca. Dichas expresiones no constituyen un nexo causal en tanto revelan que el origen de la condición mental padecida por Rodríguez podría preceder el accidente de 1982. Es decir, no aducen con certeza que la génesis de la condición mental de Rodríguez haya sido dicho accidente. Por tanto, al mismo no se le puede atribuir efectos de causa de la condición mental de Rodríguez. De este modo, la denegatoria de la petición hecha por Rodríguez para que se le relacionara una condición emocional por razón del accidente de 1982, emitida el 15 de enero de 1985, quedó vigente. Apéndice, anejo 4.
Así pues, la resolución recurrida, emitida por la Junta de Síndicos, determinó como cuestión de hecho que la relación entre la condición emocional de Rodríguez con su incapacidad laboral se produjo a partir del accidente de 1986, no del ocurrido en 1982; y como cuestión de derecho resolvió que el accidente de 1986 no está contemplado entre las circunstancias que hacen aplicable la Ley 127 a los bomberos.
El Tribunal Supremo de Puerto Rico ha resuelto reiteradamente que las decisiones de los organismos administrativos merecen la mayor deferencia judicial porque cuentan con experiencias y conocimientos altamente especializados sobre los asuntos que se le encomiendan. La Facultad para las Ciencias Sociales Aplicadas Inc. v. Consejo de Educación Superior, _ D.P.R. _ (1993), 93 J.T.S. 88; Asociación de Doctores en Medicina al Cuidado de la Salud Visual, Inc. etc. v. Dra. Ivette Morales y Colegio de Optómetras de Puerto Rico, _ D.P.R. _ (1993), 93 J.T.S. 12; Rubin Ramírez v. Trías Monge, 111 D.P.R. 481 (1981); Román v. Superintendente de la Policía, 93 D.P.R. 685 (1966). De manera que los tribunales vienen obligados a ser cautelosos al intervenir con . dichas decisiones. Fuentes v. ARPE, _ D.P.R. _ (1993), 93 J.T.S. 165; Viajes Gallardo v. Homero Clavell, _ D.P.R. _ (1992), 92 J.T.S. 90.
En este sentido, las decisiones de las agencias administrativas gozan de una presunción de corrección y regularidad que impone, en quien las impugna, el deber de probar que se ha actuado en forma arbitraria, caprichosa o en clara violación de los derechos constitucionales fundamentales. Maisonet Felicié v. Corp. F.S.E., _ D.P.R. _ (1996), 96 J.T.S. 169; Vázquez v. A.R.P.E., _ D.P.R. _ (1991), 91 J.T.S. 53; Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194 (1987).
De este modo, las determinaciones de hechos a las que llegan las agencias administrativas serán sostenidas por los tribunales si las mismas están basadas en evidencia sustancial que obra en el expediente administrativo. Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2175; Metropolitana, S.E., (ATRIUM PLAZA) v. ARPE, _ D.P.R. _ (1995), 95 J.T.S. 39.
Así, nuestro más alto foro ha establecido:
"Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe 'otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada... y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 686 (1953)." Metropolitana, S.E. (ATRIUM PLAZA) v. ARPE, supra, alapág. 767.
Las determinaciones de hechos de la Junta de Síndicos sostienen sus conclusiones de derecho. El recurrente Rodríguez no ha demostrado que exista otra prueba en el récord que razonablemente menoscabe el peso de la evidencia a base de la cual la Junta de Síndicos resolvió. No podemos, concienzudamente, concluir que la evidencia en la que se basó la *1013 referida Junta no fue sustancial. Rodríguez tampoco ha probado que la Junta de Síndicos actuó en forma arbitraria, caprichosa o en clara violación de sus derechos fundamentales. Ausente tal demostración la decisión del organismo administrativo merece la/ mayor deferencia de nuestra parte.
Por lo antes dicho, se expide el auto y se confirma la resolución recurrida.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General