RICARDO DOMÍNGUEZ TALAVERA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. OSVALDO DE LA LUZ VÉLEZ, JUEZ, demandado; THE CHASE MANHATTAN BANK, interventor.

*Número:* O-73-344    *Resuelto:* 12 de septiembre de 1974

*F. Ariel Avilés Rodríguez* y *Angel L. Tapia Flores,* abogados del peticionario; *Fiddler, González & Rodríguez, Federico Tilén, Jr.* y *Salvador Antonetti Zequeira,* abogados del interventor; *Myriam Naveira de Rodón, Procuradora General,* y *Américo Serra, Procurador General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

El Banco Chase Manhattan, cesionario de un contrato de venta condicional de un automóvil Volkswagen, inició un procedimiento de reposesión contra el peticionario Domínguez para cobrarse un balance de $299.42 de mensualidades vencidas, y como medida provisional para aseguramiento de efectividad de sentencia solicitó y obtuvo orden de embargo del vehículo, dictada por un juez del Tribunal Superior y condicionada a previa prestación de fianza de $1,000 por el banco acreedor a favor de su deudor, para responder a éste "de los perjuicios que se le puedan irrogar como consecuencia del embargo." [1] Al practicarse el embargo por el alguacil éste citó al deudor para "vista oral" (audiencia provista por la Ley de Ventas Condicionales—10 L.P.R.A. sec. 36) a celebrarse a los 14 días de reposeído el vehículo. [2] El demandado Domínguez impugnó el embargo como contrario al debido proceso por no habérsele oído en vista antes de librarse la orden que le privó de la posesión de su Volkswagen. Se ajusta a derecho la resolución del tribunal de instancia desestimando el planteamiento.

---

[1] Simultáneamente se siguió por el Chase el trámite de citación y audiencia ordenado por el Art. 6 de la Ley de Ventas Condicionales (10 L.P.R.A. sec. 36).

[2] Dicha vista fue suspendida a petición del deudor aquí recurrente y celebrada el 3 de mayo de 1973 en que se ventiló su moción de nulidad de embargo fundada en *Fuentes* v. *Shevin,* 407 U.S. 67 (1972) por haberse decretado en virtud de orden *ex parte.*

■ La reposesión de propiedad mueble sujeta a contrato de venta condicional autorizada por el Art. 6 de la Ley de Ventas Condicionales (10 L.P.R.A. sec. 36) y el embargo preventivo en aseguramiento de efectividad de sentencia a tenor de la Regla 56 de Procedimiento Civil no vulneran la garantía de debido proceso de ley provista en el Art. II, Sec. 7 de la Constitución del Estado Libre Asociado de Puerto Rico y en la Enmienda V de la Constitución de los Estados Unidos. La decisión de *Fuentes* v. *Shevin*, 407 U.S. 67 (1972) en que funda su recurso el deudor peticionario se dio contra un trasfondo legal y factual que no presenta este caso. La subsiguiente decisión en *Mitchell* v. *W. T. Grant Company*, 94 S.Ct. 1895 (1974), se encargó de dejar bien claro que el anatema de *Fuentes* iba principalmente dirigido a los estatutos de reposesión y embargo que confieren inmoderado poder a litigantes privados sin la participación cabal de un juez; a la abdicación por el Estado del control y supervisión de los procedimientos desde un principio. Si bien esa era la situación en Florida que provocó la repulsa de *Fuentes*, no lo es en Puerto Rico. En lo que respecta a reposesiones bajo la Ley de Ventas Condicionales el comprador que se atrasa en los pagos tiene oportuna notificación y audiencia antes de ser privado de la propiedad. Al efecto ordena el Art. 6 de la citada ley (10 L.P.R.A. sec. 36) en lo pertinente:

"Disponiéndose: Que para que el vendedor condicional pueda recuperar los bienes muebles o semovientes objetos del contrato, para ser retenidos por el indicado término de treinta (30) días, deberá presentar ante el juez de la corte con jurisdicción en el caso, una declaración escrita y jurada haciendo constar que el comprador condicional no ha cumplido los términos del contrato de venta y que la reclamación se hace de buena fe, acompañando a dicha declaración jurada una copia del contrato de venta condicional que contenga nota de su inscripción en el registro de ventas condicionales establecido por las secs. 31 a 41 de este título. Al recibir el juez la decla-

ración jurada y la copia del contrato, citará a las partes interesadas para una audiencia que tendrá lugar dentro de los diez días siguientes a la fecha de la citación, y después de citarlas verbalmente para conocer el caso, si estimare que no se ha cumplido la condición por el comprador, dictará una orden disponiendo que el *marshal* se incaute de los bienes reclamados, los cuales bienes el *marshal* los entregará al vendedor condicional sujetos a las disposiciones de las secs. 31 a 41 de este título." Esto es posible porque en Puerto Rico a diferencia de otras jurisdicciones, el citado estatuto al crear un gravamen anotado en el registro *ad hoc* protege al vendedor contra traspasos del objeto a terceras personas (10 L.P.R.A. sec. 34) ; *Smallwood* v. *Corte*, 50 D.P.R. 634 (1936).

A su vez la Regla 56 de Procedimiento Civil satisface las exigencias del debido proceso logrando un razonable equilibrio entre los derechos del acreedor y el deudor, pues dispensa la previa notificación y vista sobre la solicitud de embargo como remedio provisional únicamente en la situación reglada por la Regla 56.4 que en lo relevante a bienes muebles dispone: "Si se hubiere cumplido con los requisitos de la Regla 56.3, el tribunal deberá expedir, a moción *ex parte* de un reclamante, una orden de embargo o de prohibición de enajenar. . . . En el caso de bienes muebles, la orden se efectuará depositando los bienes de que se trate con el tribunal, o con la persona designada por el tribunal bajo la responsabilidad del reclamante." Nótese que aun cuando se autorice el embargo *ex parte* la Regla 56.3 exige fianza al demandante o evidencia documental demostrativa de la legitimidad de su reclamación y por otro lado concede al demandado el derecho a disolver el embargo y retener los bienes mediante prestación de fianza. ([3])

---

([3]) Regla 56.3. Fianza
"Se podrá conceder un remedio provisional sin la prestación de fianza, si apareciere de documentos públicos o privados firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible, o si se gestionara el remedio después de sentencia. En todos

La supervisión por el poder judicial del procedimiento de embargo desde su incepción (Regla 56.1) es la garantía máxima de corrección y resguardo de los derechos del deudor expresada en su oración final: "En todo caso en que se solicite un remedio provisional el tribunal considerará los intereses de todas las partes y dictará sentencia, según lo requiera la justicia sustancial." Estos ordenamientos proveen el balance o justo acomodamiento constitucional de los intereses encontrados de deudor y acreedor. La solución plasmada en nuestra legislación extiende el debido proceso a ambas partes: (a) concediendo un remedio provisional que preserva la integridad del bien, generalmente la única garantía de cuenta, de la continuada erosión y decadencia de su valor económico consecuencia de su uso por el deudor; (b) impide la destrucción, traspaso u ocultación de los bienes por un deudor inescrupuloso que bien podría ser su única reacción a un previo aviso de que hay el propósito de quitarle la propiedad; (c) el requisito de fianza o la alternativa de autenticidad documentada de la solicitud de embargo que sienta una probabilidad de que el demandante ha de prevalecer, con la imprescindible intervención del tribunal, minimizando el riesgo de que se expida una orden errónea; y (d) el deudor tiene derecho a una vista rápida donde podrá cuestionar todo procedimiento y reducir a un mínimo su privación de propiedad y el tiempo que ésta se halle en *custodia legis* o en poder del acreedor. *Mitchell* v. *W. T. Grant Company*, supra. Aparte de lo expresado, el estridente reclamo constitucional fundado en la severidad de la privación de propiedad que alega haber sufrido

---

los demás casos, el tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen al demandado como consecuencia del aseguramiento. Un demandado o querellado podrá, sin embargo, retener la posesión de bienes muebles embargados por un demandante o reclamante, prestando una fianza por tal suma que el tribunal estime suficiente para responder por el valor de dicha propiedad. El afianzamiento por el demandado de la suma embargada, dejará sin efecto el embargo."

el deudor-recurrente pierde urgencia y vigor persuasivo cuando se le concede vista rápida y pide la suspensión.

■ El debido proceso de ley al prohibir que una persona sea privada de su propiedad por acción *ex parte* no exige una vista preliminar o anterior a la incautación si se provee dicha audiencia en una etapa posterior y antes de que se haga una adjudicación final. *Mitchell*, citado. La Regla 56 de Procedimiento Civil brinda la protección merecida al interés del deudor así como al de su acreedor que se manifiestan al querer uno retener y el otro obtener la posesión del vehículo embargado.

■ El debido proceso no es abstracción apocalíptica que de sólo invocarla infunda temor de Dios al tribunal y paralice al adversario. Como toda regla habrá de aplicarse con riguroso respeto a los derechos sustanciales de todas las partes afectadas. Su naturaleza, ha dicho el Tribunal Supremo de Estados Unidos [4] es circunstancial y pragmática.

*Se anulará el auto expedido y se devolverá el caso al tribunal de instancia para ulteriores procedimientos consistentes con esta opinión.*

---

(4) *Cafeteria & Rest. Wkrs. U., Local 473* v. *McElroy*, 367 U.S. 886, 895 (1961); *Stanley* v. *Illinois*, 405 U.S. 645, 650 (1972); *Inland Empire Dist. Council, Etc.* v. *Millis*, 325 U.S. 697, 710 (1945).