# 97 DTA 134

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN
### PANEL II

IN RE: CPA RICHARD FIGUEROA
Recurrente

v.

JUNTA DE CONTABILIDAD
Recurrida

Núm. KLRA-96-0008

San Juan, Puerto Rico, a 15 de abril de 1997

Panel integrado por su Presidenta, Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante resolución dictada por la Junta de Contabilidad (Junta) emitida el 24 de abril de 1996 se revocó la licencia del Contador Público Autorizado, Richard Figueroa por un período de diez (10) años.

La parte recurrente Richard Figueroa presentó recurso de revisión judicial donde señaló la comisión de varios errores por parte de la Junta.

*"A. Erró la Junta de Contabilidad al revocarle la licencia de contador público autorizado, al aquí Querellado-Recurrente, ya que la notificación fue una contraria a derecho.*

*B. Erró la Junta de Contabilidad al celebrar una vista en rebeldía, ya que el Querellado-Recurrente no había sido debidamente citado, habiéndose así cometido un claro abuso de discreción.*

*C. Erró la Junta de Contabilidad al no garantizarle al Querellado-Recurrente un proceso imparcial violentándose así el debido proceso de ley a que tiene derecho.*

*D. Erró la Junta de Contabilidad al tramitar una querella radicada por la Contralora de Puerto Rico cuando ésta no tiene capacidad jurídica o legitimación activa para ello ni su oficina jurisdicción para tales propósitos.*

*E. Erró la Junta de Contabilidad al imponer una sanción tan severa, la revocación de la licencia por 10 años, ya que la misma constituye un castigo cruel e inusitado, ya que es desproporcional a la luz de las circunstancias de la querella."*

Luego de un examen de la petición y su oposición se expide el recurso de revisión judicial y se modifica la sanción por el término de dos (2) años.

Los hechos en el presente recurso se resumen de la siguiente manera.

El recurrente es un Contador Público Autorizado que trabajó como Director de la División de Exámenes de Municipios de la Oficina del Contralor de Puerto Rico, a partir de enero de 1991.

Mientras laboraba como tal, supervisó una auditoría especial realizada al Programa de Vivienda del Municipio de Yabucoa, que culminó en el Informe de Auditoría M-91-7 del 31 de enero de 1991.

Efectiva el 31 de junio de 1991, el recurrente presentó renuncia a su puesto y mediante comunicación del 28 de junio de 1991, la Contralora la aceptó y le advirtió sobre la responsabilidad de cumplir con las prohibiciones que impone la Ley de Etica Gubernamental, 3 L.P.R.A. sec. 180, *et seq.*, a los ex-servidores públicos y la ley que crea la Oficina del Contralor, según enmendada por la Ley 119 del 21 de julio de 1988, 2 L.P.R.A. sec. 86-A.

Luego de un mes de haber cesado sus funciones en la Oficina del Contralor y a cinco meses de haber rendido el informe de auditoría especial realizada al Municipio de Yabucoa, el recurrente suscribió un contrato de servicios profesionales con ese Municipio en el que se comprometió a evaluar las áreas operacionales para el año fiscal 91-92. Además, entre julio de 1991 y febrero de 1993, el recurrente otorgó varios contratos con otras dependencias gubernamentales en los que certificó haber rendido su planilla de contribución sobre ingresos durante los últimos cinco años y no adeudar contribuciones o que se había acogido a un plan de pagos.

El 14 de julio de 1995 la Contralora, radicó una querella ante la Junta de Contabilidad en contra del recurrente por alegadamente haber incurrido en violaciones a los cánones de ética de la profesión de Contadores Públicos Autorizados y la Ley de Contabilidad del Gobierno de Puerto Rico.

Mediante comunicación suscrita por el director interino de la Junta el 13 de noviembre de 1995, se citó al recurrente a una conferencia con antelación a la vista a celebrarse el 29 de noviembre de 1995. Se hizo referencia a que se había presentado una querella en su contra relacionada a que el contrato con el Municipio de Yabucoa se había otorgado dentro de los doce meses de él haber renunciado a su cargo en la Oficina del Contralor, en violación a la Ley Núm. 119 de 21 de julio de 1988, 3 L.P.R.A. sec. 1828 y la Sección 8(b) de la Ley Núm. 293 de 15 de mayo de 1945, 20 L.P.R.A. sec. 780(d). Se le advirtió, que podía estar asistido de abogado, presentar prueba y se incluyó una copia de la querella presentada por la Contralora.

El 8 de diciembre de 1995, a petición del recurrente, se pospuso la vista mediante comunicación escrita Posteriormente, el 4 de enero de 1996 el recurrente acusó recibo de la citación y señaló que la segunda página de la misma estaba dirigida a otra persona. Sin embargo, el 26 de enero de 1996, el recurrente le envió una carta al director interino de la Junta donde le indicó que no tenía intención de comparecer a la vista, porque el día anterior había solicitado al Secretario de Justicia que investigara

la querella presentada en su contra.

El día de la vista no compareció el recurrente y la misma se celebró en rebeldía, según se le había advertido. Se sometió prueba documental y testifical que estableció que el recurrente al otorgar el contrato de servicios profesionales violó la Ley Núm. 119, *supra*, y la Ley de Etica, *supra*. También se señaló que falsamente había certificado haber rendido planillas durante los últimos cinco años y no tener deudas contributivas o haberse acogido a un plan de pago. Salió a relucir que el recurrente, compró estampillas del Colegio de Contadores Públicos Autorizados sin poseer su licencia en vigor.

La Junta concluyó que la conducta del recurrente era descrédito a la profesión de Contabilidad Pública y sancionó por un período de diez años, durante los cuales no se le renovaría su licencia de Contador Público Autorizado de tal dictamen se acude ante nos.

## II

A la luz de los hechos antes esbozados analicemos el derecho aplicable al caso de autos. Los primeros dos errores, por referirse a que la notificación administrativa fue insuficiente e inoportuna, serán discutidos en conjunto.

La Ley de Procedimiento Administrativo Uniforme (LPAU), Ley 170 de 12 de agosto de 1988, en su sección 3.1, dispone que en todo procedimiento adjudicativo formal que se celebre ante una agencia administrativa se deben observar unas salvaguardas mínimas que incluyen el derecho a la notificación oportuna de los cargos, querellas o reclamos en contra de una parte y presentar evidencia ante un examinador imparcial cuya decisión esté basada en el expediente administrativo. 3 L.P.R.A. sec. 2151.

Por su parte, la sección 3.9 de la LPAU, *supra*, 3 L.P.R.A. sec. 2159, expresa en cuanto al contenido y forma de la notificación que *"[L]a agencia notificará por escrito a todas las partes o a su representante autorizado e interventores la fecha, hora y lugar en que se celebrará la vista adjudicativa..., y deberá contener la siguiente información:*

*"a) Fecha, hora y lugar en que se celebrará la vista, así como su naturaleza y propósito.*

*b) Advertencia de que las partes podrán comparecer asistidas de abogados, pero no estarán obligadas a estar así representadas, incluyendo los casos de corporaciones y sociedades.*

*c) Cita de la disposición legal o reglamentaria que autoriza la celebración de la vista.*

*d) Referencia a las disposiciones legales o reglamentarias presuntamente infringidas, si se imputa una infracción a las mismas y a los hechos constitutivos de tal infracción.*

*e) Apercibimiento de las medidas que la agencia podrá tomar si una parte no comparece a la vista.*

*f) Advertencia de que la vista no podrá ser suspendida."*

Establece dicha ley que, *"[s]i una parte debidamente citada no comparece a la conferencia con antelación a la vista, a la vista o a cualquier otra etapa durante el procedimiento adjudicativo, el funcionario que presida la misma podrá declararla en rebeldía y continuar el procedimiento sin su participación, pero notificará por escrito a dicha parte su determinación, los fundamentos para la misma y el recurso de revisión disponible."* 3 L.P.R.A. sec. 2160.

Al respecto nos comenta el Profesor Demetrio Fernández que el criterio que debe utilizarse para determinar si la notificación es adecuada es determinar si el querellado conoce de la conducta ilegal que se le imputa y si tiene oportunidad razonable de defenderse de las alegaciones en su contra. D. Fernández, *Derecho Administrativo y Ley de Procedimiento Administrativo*, 1era. Ed., 1993, págs. 164-167.

En términos generales, el recurrente se limitó a señalar que la notificación de la Junta del 8 de

diciembre de 1995 era insuficiente, pues no informó adecuadamente los actos en que se apoyó la querella, lo que le impidió poder conocer los cargos en su contra y defenderse de ellos.

De un análisis del contenido de la referida citación surge que se señaló el lugar, fecha y hora en que sería celebrada la vista. Se incluyó copia de la querella, se le advirtió que en la vista podría formular sus alegaciones y presentar la evidencia que tuviera para sustentar su posición, que de no comparecer a la vista ésta podría celebrarse en rebeldía y se le advirtió de las medidas disciplinarias a las que estaba expuesto, según las disposiciones legales vigentes.

Resolvemos que a la luz de los requisitos de contenido antes mencionados, al recurrente se le salvaguardaron todas las garantías del debido proceso de ley y que el error de nombre en la segunda página no era sustancial, ya que el recurrente reconoce en su carta del 4 de enero de 1996 que fue citado para la vista.

Por otra parte, el recurrente con sus propios actos se expuso a que la vista se celebrara en ausencia, al informar que no comparecería aun cuando fue apercibido sobre tales extremos, por lo cual ahora no puede invocar un derecho al cual renunció.

### III

Con respecto a que la Junta no tiene autoridad para procesar violaciones a la Ley de Etica Gubernamental, indicamos lo siguiente.

El Artículo 8(b) de la Ley de Contabilidad Pública de 1995, 20 L.P.R.A. sec. 779, faculta a la Junta a negarse a renovar una licencia para practicar la contabilidad pública cuando se determine que el tenedor de la licencia ha incurrido en negligencia crasa en la práctica de la contabilidad o ha actuado con falta de probidad o engaño.

La Junta resolvió que, de acuerdo a la prueba que tuvo ante sí, la conducta cometida constituyó un descrédito para la profesión de Contabilidad Pública. Por lo cual concluimos, que la sanción fue impuesta al amparo de las prerrogativas que le concede la Ley de Contabilidad Pública a la Junta.

### IV

En cuanto al tercer señalamiento de error, que no se le garantizó al recurrente un proceso imparcial en violación al debido proceso de ley, resolvemos que tampoco fue cometido.

Nuestro más alto foro ha resuelto que el derecho al debido proceso de ley es de naturaleza circunstancial y pragmática y que para alegar una violación a tal derecho, no bastan meras conjeturas o generalidades, sino probar concretamente la falta. *Domínguez Talavera v. Tribunal Superior,* 102 D.P.R. 423, 428 (1974).

Como norma general, sólo se intervendrá con la determinación de la agencia si se prueba que su actuación fue arbitraria, irrazonable o actuó con prejuicio o parcialidad. *Misión Industrial v. Junta de Planificación,* opinión de 21 de marzo de 1997, **97 J.T.S. 34**, pág. 729.

El recurrente no demostró que en la decisión de la Junta de no renovarle su licencia, actuó con prejuicio o parcialidad, por lo que de acuerdo a las normas de deferencia administrativa en la etapa de revisión judicial concluimos que no se violó el derecho al debido proceso de ley.

### V

El quinto señalamiento de error se limita a indicar que la Contralor de Puerto Rico no tiene capacidad jurídica o legitimación activa para presentar una querella ante la Junta de Contabilidad. No le asiste la razón al recurrente por lo siguiente.

La sección 10 de la Ley de Contabilidad Pública, *supra*, 20 L.P.R.A. sec. 782 (Supl. 1996), dispone que la Junta podrá iniciar procedimientos bajo esta ley, bien sea a iniciativa propia o mediante querella sometida por el Colegio de Contadores Públicos Autorizados de Puerto Rico o por cualquier otra persona.

El Artículo 4(b) del Reglamento 3771 del 7 de febrero de 1989, conocido como el Reglamento de Procedimiento Adjudicativo Uniforme para las Vistas Administrativas de Juntas Examinadoras que se celebren en el Departamento de Estado del Estado Libre Asociado de Puerto Rico, provee para que los procedimientos disciplinarios se inicien por iniciativa administrativa o por querella instada por una persona ajena a la agencia a la cual no se le exige cumplir con los requisitos de legitimación de parte en una acción judicial.

Nuestro Tribunal Supremo ha establecido que poseen legitimación activa aquellos que han sufrido un daño claro y palpable, no uno abstracto ni hipotético; cuando existe un nexo causal entre la causa de acción que se ejercita y el daño alegado; y si la causa de acción surge al amparo de la constitución o alguna ley. *García Oyola v. Junta de Calidad Ambiental,* opinión de 21 de febrero de 1997, **97 J.T.S. 25,** pág. 662.

Conforme a las disposiciones legales antes mencionadas, resolvemos que la Contralora tenía capacidad jurídica para presentar la querella contra el recurrente.

## VI

En el último error imputado se aduce que la revocación de su licencia por diez (10) años constituyó un castigo cruel e inusitado y desproporcional a las circunstancias de la querella.

Es norma ampliamente reconocida que las conclusiones e interpretaciones de los organismos administrativos merecen gran consideración y respeto, si están sostenidas por evidencia sustancial que obra en el expediente administrativo. *Misión Industrial v. Junta de Planificación, supra,* pág. 728; *Alvarez Cintrón v. Junta de Directores,* opinión de 17 de mayo de 1996, **96 J.T.S. 70**, pág. 1126. (Casos citados.)

De ordinario, el estado y sus juntas examinadoras tienen amplia discreción para fijar las normas que deben regir la admisión o certificación de personas al ejercicio de determinadas profesiones u oficios siempre y cuando se respeten las condiciones para proteger el interés público impuestas por la Asamblea Legislativa. *Asociación de Doctores etc. v. Dra. Ivette Morales,* opinión de 1 de febrero de 1993, **93 J.T.S. 12**, pág. 10348; *Román v. Tribunal Examinador de Médicos*, 116 D.P.R. 71, 79 (1985).

A tenor con las circunstancias particulares de este caso y según lo sugerido por el Procurador General en su escrito en oposición a la expedición del recurso, resolvemos que en justicia corresponde modificar la sanción impuesta al recurrente según sus términos y condiciones y disminuir la misma a la revocación de su licencia por un período de dos (2) años efectivo al 24 de abril de 1996.

## VII

Por los anteriores fundamentos, se expide el auto de revisión judicial solicitado y se modifica la sanción por el término de dos (2) años a partir del 24 de abril de 1996.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General