# 98 DTA 168

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAGUAS, HUMACAO, GUAYAMA

GUILLERMO KUAN WONG & ANGEL L. BERBERENA
Recurrentes

v.

HON. JUNTA DE SUBASTAS ADMINISTRACION DE TRIBUNALES
(DESARROLLADORES ROIG, SE)
Recurridos

Núm. KLRA-97-00259

San Juan, Puerto Rico, a 21 de abril de 1998

Panel integrado por su Presidenta, la Juez Fiol Matta,
la Juez Rodríguez de Oronoz y el Juez Gierbolini

Gilberto Gierbolini, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Guillermo Kuan Wong y Angel L. Berberena solicitan la Revisión de la Resolución emitida el 16 de abril de 1997 por la Directora de la Oficina de Administración de Tribunales, Lcda. Mercedes M. Bauermeister, que mantuvo la adjudicación que la Junta de Subastas de la Oficina de Administración de los Tribunales (OAT) hizo a Desarrolladores Roig, S.E. en la subasta para la construcción del Centro Judicial de Humacao.

La Resolución fue notificada el 28 de abril de 1997. Su solicitud de revisión fue presentada ante este Tribunal el pasado 7 de mayo de 1997.

Tanto la Directora como Roig oportunamente presentaron sus respectivos escritos de Oposición.

Consideradas las posturas de todas las partes, así como la totalidad de los Anejos sometidos, este Tribunal EXPIDE el recurso de revisión y CONFIRMA la Resolución recurrida.

## I

Los hechos pertinentes, según surgen del expediente, son los siguientes. A mediados de 1996, la OAT publicó una invitación para someter propuestas para la construcción del nuevo Centro Judicial de Humacao. Cuatro licitadores sometieron sus propuestas: Kuan, Roig, Oficinas de Carolina, S.E., y Johnjavi Corporation.

Los licitadores tuvieron reuniones en grupo con personal de la OAT para discutir los detalles y requisitos con que debían cumplir las propuestas. Cada uno, además, presentó su propuesta en privado ante la Junta de Subastas de la OAT, apoyado por sus respectivos arquitectos, ingenieros y demás asesores.

El 7 de febrero de 1997, la Junta de Subastas notificó mediante carta a todos los licitadores su decisión de adjudicar el proyecto a Roig.

Posteriormente, el 11 de febrero de 1997, la OAT advirtió a los licitadores, vía fax y por correo certificado, sobre la disponibilidad del recurso de revisión ante la Directora de la OAT. El derecho de revisión había sido recientemente reconocido en el Artículo XVI del Reglamento para el Arrendamiento de Locales a Largo Plazo de la Rama Judicial (en adelante, el Reglamento), aprobado el 31 de enero de 1997 por el Juez Presidente del Tribunal Supremo, al cual responde la OAT.

Los licitadores no agraciados Johnjavi y Kuan solicitaron revisión ante la Directora el 14 de febrero de 1997. Oficinas de Carolina lo hizo el 18 de febrero de 1997.

La Oficina de Asuntos Legales de la OAT, requirió a la Junta de Subasta que contestara las solicitudes de revisión presentadas. La Junta cumplió con lo ordenado. Posteriormente, Asuntos Legales requirió información adicional a la Junta y ésta fue sometida el 24 de marzo de 1997.

Con el beneficio de todas las comparecencias, la Directora emitió Resolución fundamentada el 16 de abril de 1997, en la cual denegó la revisión de la decisión de la Junta de Subastas. La Resolución fue notificada el 28 de abril de 1997.

Kuan presentó la solicitud de revisión de epígrafe ante este Tribunal el 12 de mayo de 1997, dentro del término de 10 días laborables dispuesto por el Artículo XVI (G) del Reglamento. En su escrito, Kuan levanta los siguientes señalamientos de error:

*"PRIMER ERROR:*

*LA AGENCIA PRIVO AL RECURRENTE DEL DEBIDO PROCESO DE LEY GARANTIZADO POR LA CONSTITUCION, AL APROBARSE, PONERSE EN VIGOR RETROACTIVAMENTE Y APLICARSELE A ESA SUBASTA EL ART. XVI DEL REGLAMENTO EN FORMA TAL QUE SE AFECTO SU DERECHO A SER OIDO.*

*SEGUNDO ERROR:*

*ERRÓ LA AGENCIA AL NEGARLE AL RECURRENTE Y OTROS LICITADORES UN ACCESO COMPLETO Y EFECTIVO AL RECORD ADMINISTRATIVO.*

*TERCER ERROR:*

*EL DEBIDO PROCESO DE LEY FUE VIOLADO AL RESOLVERSE QUE LAS DEFICIENCIAS EN LA NOTIFICACIÓN QUEDARON SUBSANADAS AL NOTIFICARSE LA DECISION DE LA DIRECTORA.*

*CUARTO ERROR:*

*ERRO LA AGENCIA AL AMPARAR SU DECISION EN CRITERIOS INAPLICABLES, TALES COMO LOS DESARROLLADOS PARA CONSIDERAR UNA REVISION JUDICIAL.*

*QUINTO ERROR:*

*SE COMETIO ERROR MANIFIESTO DE DERECHO AL EVALUAR LAS PROPUESTAS DEL RECURRENTE VIS A VIS LA DE LA PARTE FAVORECIDA."*

## II

Conforme a nuestro ordenamiento jurídico, la función revisora de los tribunales con respecto a las determinaciones de los organismos administrativos es una de carácter limitado. [1] Es conocida la norma de que los tribunales vienen obligados a ser cautelosos al intervenir con las decisiones administrativas, *Fuertes v. A.R.P.E.*, **93 J.T.S. 165**, *Viajes Gallardo v. Homero Clavell*, **92 J.T.S. 90**. Esta limitación es consustancial a la estructura gubernamental de separación de poderes encarnada en

nuestra Constitución y encuentra expresión en la norma reiterada de deferencia de los tribunales hacia las decisiones de las agencias administrativas, si las mismas están sostenidas por evidencia sustancial.

Esa norma de deferencia judicial responde a que los organismos administrativos cuentan con experiencia y conocimientos altamente especializados sobre los asuntos que le han sido encomendados, *La Facultad para las Ciencias Sociales Aplicadas Inc. v. Consejo de Educación Superior,* **93 J.T.S. 88**; Asociación de *Doctores en Medicina al Cuidado de la Salud Visual, Inc. etc. v. Dra. Ivette Morales y Colegio de Optómetras de P.R.*, **93 J.T.S. 12**; *Rubín Ramírez v. Trías Monge,* 111 D.P.R. 481 (1981); *Román v. Superintendente de la Policía,* 93 D.P.R. 685 (1966).

A tenor con dicha doctrina, las decisiones de las agencias administrativas gozan de una presunción de corrección y regularidad que impone, en quien las impugna, el deber de probar que se ha actuado en forma arbitraria, caprichosa o en clara violación de los derechos constitucionales fundamentales, *Maisonet Felicié v. Corp. F.S.E.*, **96 J.T.S. 169**; *Vázquez v. A.R.P.E.,* **91 J.T.S. 53**; *Henríquez v. C.E.S.*, 120 D.P.R. 194 (1987).

Así, las determinaciones de hechos a las que llegan las agencias administrativas serán sostenidas por los tribunales si las mismas están basadas en evidencia sustancial que obra en el expediente administrativo, Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Número 170 de 12 de agosto de 1988, 3 L.P.R.A. Sección 2175. Nuestro Tribunal Supremo ha definido el concepto de evidencia sustancial como *"...aquella que una mente razonable podría aceptar como adecuada para sostener una conclusión," Hilton Hotels International Inc. v. Junta de Salario Mínimo,* 74 D.P.R. 670, 687 (1953). Más recientemente, en *Metropolitana, S.E. v. A.R.P.E.*, **95 J.T.S. 39,** página 767, el Tribunal Supremo expresó sobre el particular que:

*"Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial es necesario que la parte afectada demuestre que existe "otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia presentada sea sustancial, en vista de la prueba presentada... y hasta el punto que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración." Hilton Hotels v. Junta de Salario Mínimo,* 74 D.P.R. 670, 686 (1953).

En el ámbito de revisión de subastas, la doctrina reconoce que en ausencia de mala fe, fraude o un claro abuso de discreción, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la más ventajosa. La decisión con respecto a qué licitador debe resultar agraciado en el proceso de adjudicación de la subasta debe ser resuelta a la luz del interés público, por cuanto ningún postor puede hacer reclamos de derechos adquiridos en ninguna subasta, *Great American Indemnity Co. v. Gobierno de la Capital,* 59 D.P.R. 911, 916 (1942); *ICA Miramar Metro San Juan Corp. v. Autoridad de Carreteras,* Núm. KLAA-97-00010, **97 DTA 123.** Le corresponde así a la parte impugnante en la etapa de revisión el peso de establecer que no existe base racional que sostenga la decisión administrativa que es objeto de impugnación, *Smith & Wesson v. United States,* 782 F. 2d 1074, 1078-1079 (1st. Cir. 1986).

Con este marco teórico y tras analizar la evidencia documental que obra en autos, no encontramos que la decisión de la Junta de Subastas de otorgar la buena pro a Roig sea arbitraria, caprichosa o irrazonable. Por el contrario, basta examinar la Resolución de la Directora de la OAT para saber que la decisión de la Junta de Subastas estuvo basada en un minucioso análisis de las propuestas. La Junta sopesó punto por punto cómo las propuestas de cada licitador satisfacían o no los requisitos establecidos para la construcción del Centro Judicial de Humacao, que van desde la ubicación del terreno hasta el financiamiento.

La OAT cuenta con la experiencia en la administración del sistema judicial y el conocimiento técnico especializado necesarios para evaluar cuál propuestas beneficiará más al interés público. Así lo hizo y escogió la de Roig.

En el récord consta la evidencia sustancial que sustentó la decisión administrativa y no hay razón en derecho para intervenir con la misma. En ausencia de elementos tales como fraude o arbitrariedad,

los tribunales no habrán de sustituir el criterio razonable de un organismo administrativo por el suyo propio o por el de otro licitador. Ello dispone del tercer y quinto señalamiento de error.

Los restantes errores tampoco fueron cometidos.

En primer lugar, cabe recordar que *"el debido proceso de ley no es abstracción apocalíptica que de sólo invocarlo infunda temor de Dios al tribunal y paralice al adversario,"* Domínguez Talavera v. Tribunal Superior, 102 D.P.R. 423, 428 (1974); Rivera Rodríguez & Co. v. Stowell, **93 J.T.S. 111,** página 10931.

En el caso de autos, la aprobación y aplicación *"retroactiva"* del Reglamento en cuestión, lejos de *"afectar el derecho a ser oído"*, benefició a los licitadores recurrentes, ya que les reconoció un derecho con el cual hasta entonces no contaban: el derecho a revisar la decisión de la Junta de Subastas ante la Directora Administrativa de los Tribunales. El trámite seguido y dispuesto en el Reglamento cumplió y excedió el requisito esencial en todo trámite administrativo de ser un proceso *"justo y equitativo que respete la dignidad de los individuos afectados,"* Srio. DACO v. Jta. Condóminos, 121 D.P.R. 807, 822 (1988).

Por otro lado, el segundo error señalado tampoco fue cometido. Del expediente ante nos surge que Kuan tuvo acceso para inspeccionar todas las propuestas y el expediente administrativo, a excepción de los reportes de la Junta de Subastas y el informe del asesor técnico de la Junta por ser estos documentos instrumentos de trabajo de la Junta en etapas pre-decisionales y de deliberación. Ello no infringe la norma de *López Vives v. Policía,* 118 D.P.R. 219 (1987) como argumenta Kuan en su escrito. El derecho al acceso y recopilación de información gubernamental, como otros derechos, no puede ser absoluto, *Soto v. Secretario de Justicia,* 112 D.P.R. 477, 493 (1982); *López Vives, supra,* páginas 228-229.

El acceso ofrecido a Kuan fue suficiente y demuestra que la decisión administrativa no fue producto del capricho o la arbitrariedad, *López Vives, supra,* página 234. El hecho de que la OAT no haya permitido a Kuan fotocopiar las propuestas por no haber sido firmado aún el contrato con Roig, no trunca la revisión judicial. Kuan podía leer, analizar y hacer referencia a los documentos que obran en el expediente administrativo para comparecer ante nos. De haberlo estimado necesario, este Tribunal pudo haber ordenado la elevación del expediente administrativo.

En cuanto al cuarto señalamiento de error, Kuan pretende que la Directora revisara la decisión de la Junta de Subastas *"como si fuera un juez de instancia."* Sin embargo, ni siquiera las autoridades que el recurrente cita en apoyo de su posición afirman la existencia de tal requisito. Véase, página 9 del escrito de Revisión. Al efectuar una revisión y no un procedimiento *de novo,* la Directora actuó conforme lo establece el Reglamento, en obediencia a la norma de que cada organismo gubernamental viene obligado a observar los reglamentos que promulga, *Cotto Guadalupe v. Departamento de Educación,* **95 J.T.S. 79.**

### III

Por los fundamentos anteriormente expuestos, este Tribunal EXPIDE el auto de revisión y CONFIRMA la Resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 98 DTA 168**

**1.** Aun cuando la OAT técnicamente no es una *"agencia administrativa"* por haber sido excluida la Rama Judicial de la aplicación de la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Número 170 de 12 de agosto de 1988, 3 L.P.R.A. Secciones 2101 *et seq.*, la normativa referente a la revisión judicial de decisiones administrativas ha sido extendida por analogía al proceso de revisión judicial de decisiones procedentes de la OAT. Véase, *Rivera Colón v. Director Administrativo de los Tribunales,* **98 J.T.S. 10.**