*1072 TEXTO COMPLETO DE LA SENTENCIA
La parte recurrente J.A.M.A. Development Corporation (en adelante, J.A.M.A.) nos solicita que revisemos la resolución emitida por el Departamento de Recursos Naturales y Ambientales (D.R.N.A.), el 15 de septiembre de 2006. En ella, el Subsecretario del D.R.N.A., Javier J. Rúa, denegó un endoso para el Proyecto Residencial Vista del Valle, después de otorgado, por alegada falta de interés de la parte recurrente. Revocamos la decisión recurrida porque se violó el derecho a un debido procedimiento de ley que tiene la parte recurrente.
I
J.A.M.A. le solicitó al D.R.N.A. un endoso preliminar para la construcción del proyecto residencial Vista del Valle. El subsecretario del D.R.N.A. para ese momento, Femando Vargas Arroyo, le otorgó el endoso requerido por J.A.M.A el 17 de junio de 2005. El 24 de julio de 2005, J.A.M.A. le cursó una carta al D.R.N.A. solicitando una reunión con el Secretario, luego de conocer que un miembro de los residentes de la Urbanización Valle Escondido, quienes se oponen al proyecto, sostuvo una reunión con él. La recurrente nunca recibió una respuesta a su carta.
En una misiva de 2 de agosto de 2005, el Secretario del D.R.N.A., Hon. Javier Vélez Arocho, le informó a la Junta de Planificación que debido a una información adicional relevante que recibió, le estaba revocando el endoso otorgado a la recurrente. Le indicó, además, a la Junta de Planificación, que iba a revisar el expediente del caso y que le notificaría la posición final respecto al proyecto en o antes del 31 de agosto de 2005.
Luego de sostener varias reuniones, J.A.M.A. le envió una carta al Secretario del D.R.N.A. el 23 de septiembre de 2005, en la cual hizo un recuento de los eventos acontecidos hasta ese momento. Le solicitó, además, que se expresara con relación a la revocación del endoso y sobre la alegada información adicional recibida para, de esta forma, tener oportunidad de refutarla. El 29 de septiembre del mismo año, el Secretario le informó mediante carta a la Junta de Planificación, con copia a la Junta de Calidad Ambiental, que estaba revocando el endoso otorgado a J.A.M.A. Alega la recurrente que al enterarse de la comunicación escrita entre el D.R.N.A. y la Junta de Planificación sostuvo una reunión con el Secretario y el Subsecretario con el propósito de obtener la información adicional recibida y cualquier otro fundamento que motivó al Secretario a revocar el endoso. Según J.A.M.A., la información nunca le fue suministrada.
En una carta de 14 de noviembre de 2005, la parte recurrente le solicitó al Secretario que reconsiderara su postura en cuanto a la revocación del endoso. Expresó, entre otras cosas, que de las cartas cursadas y del expediente no surgían las razones o fundamentos para el cambio de postura que culminó con la revocación del endoso. Alega J.A.M.A. que el D.R.N.A. tampoco le contestó dicha misiva.
El 27 de febrero de 2006, el D.R.N.A. le notificó a J.A.M.A. que iba a celebrar una vista administrativa sui *1073 generis para determinar si la denegatoria recurrida fue ilegal, irrazonable o constituyó un abuso de discreción. Dijo esto a pesar de indicar en la notificación que la agencia endosante no está obligada a conceder un procedimiento adjudicativo para impugnar una denegatoria de endoso. Indicó, además, que J.A.M.A. tendría que establecer las razones que justificarían alterar la denegatoria. Se señaló la vista para el 23 de marzo de 2006.
Así las cosas, debido a que el D.R.Ñ.A. iba a mudar sus oficinas centrales, las vistas pautadas entre el 13 y 24 de marzo se suspendieron, pero serían reseñaladas para fechas posteriores. J.A.M.A. le indicó a los recurridos que no habían recibido la notificación de suspensión. Dado que el D.R.N.A. no pautó fecha para celebrar la vista, el 27 de marzo de 2006, J.A.M.A. le solicitó que señalara día para la vista administrativa y le proveyó al D.R.N.A. varias fechas en la cual estaba disponible para celebrarla.
El 24 de abril de 2006, J.A.M.A. le solicitó al D.R.N.A. que dejara sin efecto la carta de 29 de septiembre de 2005 dirigida a la Junta de Planificación que revocó el endoso y que, en cambio, lo declarara válido. Dado que la recurrente nunca recibió respuesta, el 14 de junio de 2006, presentó una solicitud de injunction, sentencia declaratoria y mandamus en el Tribunal de Primera Instancia. El tribunal señaló vista para el 29 de junio del mismo año.
Posteriormente, el 28 de junio de 2006, el D.R.N.A. emitió una resolución interlocutoria en la cual señaló la fecha de 15 de agosto de 2006 para celebrar la vista administrativa sui generis que fue suspendida. No obstante, el día antes de la fecha pautada para la vista, el Subsecretario la suspendió. Señaló que quería considerar la solicitud de desistimiento y otra para que se dejara sin efecto la revocación ultra vires presentadas por la parte recurrente. Luego de varios trámites procesales, el D.R.N.A. emitió, el 15 de septiembre de 2006, la resolución recurrida. En ella, el D.R.N.A. archivó el caso por falta de interés de la parte promovente, J.A.M.A.
Inconforme con esta determinación, J.A.M.A. acude ante nos. Señala que se equivocó el D.R.N.A. al archivar el procedimiento: (1) por falta de interés; (2) sin celebrar la vista señalada, y (3) al no reinstalar el endoso otorgado. La agencia se opuso, mediante alegato. Como los errores señalados están íntimamente relacionados con el derecho a un debido proceso de ley, los discutiremos conjuntamente.
II
Como se sabe, la facultad revisora de los tribunales sobre las decisiones emitidas por una agencia administrativa es limitada. El alcance de la revisión judicial comprende tres áreas. Ellas son: (1) la concesión del remedio apropiado, (2) la revisión de las determinaciones de hechos conforme al criterio de evidencia sustancial, y (3) la revisión completa y absoluta de las conclusiones de derecho. D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 2da. Ed., Bogotá, Forum, 2001 pág 534.
La función revisora del tribunal, aunque restringida, tiene como propósito fundamental delimitar la discreción de los organismos administrativos, además de velar que sus actuaciones sean conformes a la ley y dentro del marco del poder delegado. T-JAC Inc. v. Caguas Centrum Limited, 148 D.P.R. 70 (1999); Misión Ind. P.R. v. J.P., 146 D.P.R. 64 (1998). Este ejercicio por parte del tribunal está enmarcado en dos principios fundamentales que postula la Ley Núm. 170 de 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme (en adelante, L.P.A.U.), 3 L.P.R.A. see. 2101 et. seq. “Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo”. See. 4.5, id. see. 2175. Sin embargo, “jijas conclusiones de derecho serán revisadas en todos sus aspectos por el tribunal. ” Id.
El criterio rector en la revisión judicial de una determinación de hechos de una agencia es la existencia de evidencia sustancial. Se ha reconocido la norma jurisprudencial de que, de ordinario, los tribunales no *1074 intervendrán en las determinaciones de hechos de las agencias, mientras exista evidencia sustancial que las apoye. Pacheco, Rodríguez v. Est. de Yauco, Opinión de 30 de septiembre de 2003, 160 D.P.R. _ (2003), 2003 J.T.S. 150; Reyes Salcedo v. Policía de P.R., 143 DPR 85, 94 (1997). Esta norma persigue evitar que los tribunales sustituyan el criterio de la agencia en asuntos enmarcados en su destreza y especialización por el criterio del tribunal revisor.
En cuanto a las determinaciones de derecho de la agencia, como ya se indicó, el tribunal podrá revisarlas en todos sus aspectos, aunque deberá observar gran deferencia hacia el criterio de la agencia acerca de la legislación que ésta implanta. Rebollo Vda. de Liceaga v. Yiyi Motors, Opinión de 161 D.P.R. _ (2004), 2004 J.T.S. 4; P.R.T.C. v. J. Reg. Tel. de P.R., 151 D.P.R. 269 (2000).
El principio neurálgico de la revisión judicial administrativa es salvaguardar la corrección de las actuaciones administrativas. La intención legislativa ha sido revestir con un velo de corrección y legitimidad las determinaciones realizadas por las agencias. No obstante, la deferencia no ha de ser óbice para la revisión en aquellos casos donde ésta menoscabe derechos de índole fundamental, o la decisión sea irrazonable. Castillo v. Dpto. del Trabajo, 152 D.P.R. 91 (2000); Costa, Piovanetti v. Caguas Expressway, 149 D.P.R. 881 (1999).
El Tribunal Supremo ha sido enérgico al enfatizar que para que los tribunales puedan revisar una decisión administrativa, es vital que las agencias expresen claramente sus determinaciones de hechos y las razones para su dictamen, incluyendo los hechos básicos de los cuales, a través de un proceso de razonamiento e inferencia, se derivan aquéllas. La expresión de los fundamentos de una decisión no puede ser pro forma, y debe reflejar que la agencia ha cumplido con su obligación de evaluar y resolver los conflictos de prueba del caso ante su consideración. Torres v. J. Exam. C.I.A.A., Opinión de 27 de abril de 2004, 161 D.P.R. _ (2004), 2004 J.T.S. 71; Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R., 144 D.P.R. 425, 437-438 (1997).
Por otro lado, el derecho al debido proceso de ley no es un molde riguroso que se da en el abstracto, pues su naturaleza es eminentemente circunstancial y pragmática. Pueblo v. Andréu González, 105 D.P.R. 315, 320 (1976); Domínguez Talavera v. Tribunal Superior, 102 D.P.R. 423, 428 (1974). “El debido proceso de ley, encarna la esencia de nuestro sistema de justicia. Su prédica comprende elevados principios y valores que reflejan nuestra vida en sociedad y el grado de civilización alcanzado. Es herencia de nuestros antepasados, fruto de nuestro esfuerzo colectivo y nuestra vocación democrática de pueblo”. Amy v. Adm. Deporte Hípico, 116 D.P.R. 414, 420 (1984).
La Sección 5.4 de la LPAU, supra, sec. 2184, señala que toda persona a la que una agencia deniegue la concesión de un endoso, entre otras cosas, tendrá derecho a impugnar la determinación de la agencia por medio de un procedimiento adjudicativo. Entonces, de conformidad con la Sección 3.1 id. see. 2151, en un procedimiento adjudicativo formal, la agencia debe salvaguardar a las partes: (1) el derecho a la notificación oportuna de los cargos o querellas o reclamos en contra de una parte; (2) el derecho a presentar evidencia; (3) el derecho a una adjudicación imparcial; y (4) el derecho a que la decisión esté basada en el expediente. Ramírez v. Policía de P.R., Opinión de 26 de diciembre de 2002, 158 D.P.R.__(2002), 2003 J.T.S. 3.
En el ámbito del derecho administrativo, aunque el debido proceso de ley no tiene la rigidez que se le reconoce en la esfera penal, sí se requiere un proceso justo y equitativo que respete la dignidad de los individuos afectados. Torres v. J. Exam. C.I.A.A., supra; López y Otros v. Asoc. de Taxis de Cayey, 142 D.P.R. 109 (1996). Por ello, se requiere que en toda acción administrativa que intervenga con la libertad o propiedad de una persona, se le de riguroso cumplimiento al debido proceso de ley. El debido proceso de ley cuenta con dos vertientes: la sustantiva y la procesal. Rodríguez Rodríguez v. E.L.A., 130 D.P.R. 562, 575 (1992).
La dimensión sustantiva del debido proceso de ley, persigue salvaguardar los derechos fundamentales de la persona. En su vertiente procesal, el aludido precepto le impone al Estado la obligación de garantizar que la *1075 interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que en esencia sea justo, equitativo y de respeto a la dignidad de los individuos afectados. Id., 578; López Vives v. Policía de Puerto Rico, 118 D.P.R. 219 (1987).
En Magriz Rodríguez v. Empresas Nativas, Inc. y otros, 143 D.P.R. 63, 70 (1997), interpretando la Sección 3.1 de la L.P.AU., supra, sec. 2151, el Tribunal Supremo señaló lo siguiente:

“Para garantizar el objetivo de hallar la verdad y hacer justicia a las partes, tanto la Ley de Procedimiento Administrativo Uniforme, como la jurisprudencia, han establecido que al emitirse una resolución, la agencia debe salvaguardar el derecho a la concesión de vista previa, oportuna y adecuada notificación, derecho a ser oído, confrontarse con los testigos, presentar prueba oral y escrita en su favor, y la presencia de un adjudicador imparcial. La decisión administrativa ha de ser informada con conocimiento y comprensión de la evidencia pertinente al caso. Además, deben efectuarse determinaciones de hechos y consagrar los fundamentos para la decisión administrativa. ”

Si bien es cierto que la citada sección establece el derecho de las personas de recibir un procedimiento justo y económico que les garantice el derecho de notificación oportuna de los reclamos en su contra, a presentar evidencia, a una adjudicación imparcial y a que la decisión esté basada en el expediente, nada impide que una agencia administrativa tome una determinación sin celebrar una vista en su fondo, siempre y cuando no exista controversia sobre los hechos y que toda la evidencia en el expediente, de forma documental, apunte hacia la corrección de la determinación de la agencia. Ese no es el caso en la presente controversia.
En este recurso, el D.R.N.A. emitió una escueta resolución de la cual no surgen determinaciones de hechos detallados o claros, ni los fundamentos que consideró la parte recurrida para llegar a su decisión. La única razón ofrecida para archivar el caso fue la falta de interés de la recurrente J.A.M.A. Encontramos que esta determinación de derecho no refleja la realidad de la controversia ante nos.. De la extensa prueba documental que obra en el expediente, se puede apreciar claramente que J.A.M.A. se mantuvo activa en el caso. Los documentos reflejan que la recurrente solicitó en un sinnúmero de ocasiones reunirse con el Secretario para aprender y refutar las razones que tuvo para revocar el endoso. No obstante, sus múltiples reclamos fueron ignorados por el D.R.N.A.
Posteriormente, el propio D.R.N.A. señaló vista para dilucidar la controversia planteada por la recurrente. Luego de pautar la fecha de la vista administrativa, los recurridos decidieron suspender la vista y la agencia le indicó a la recurrente que ello se debía a que iba a revisar unas mociones presentada por ella. Sin embargo, nunca celebró la vista adjudicativa. De esta forma, privó a J.A.M.A. de las garantías que ofrece la sección 3.1 de la LPAU, supra.
Como mencionamos, en un proceso adjudicativo formal, como lo es la impugnación de endoso, la LPAU le exige a la agencia que le notifique a las partes los cargos o querellas que pesan en su contra. En este caso, el D. R.N.A. nunca le informó a J.A.M.A. la información adicional que recibió y que a su vez motivó al Secretario a revocar el endoso otorgado. De igual forma, el D.R.N.A. también privó a los recurrentes de su derecho a presentar evidencia, derecho que concede la referida sección de la LPAU. La recurrente J.A.M.A. le solicitó a la recurrida que le proveyera la información adicional recibida para presentar prueba de refutación. Sin embargo, el D.R.N.A. no se la suministró. Así pues, el D.R.N.A. no le permitió a la recurrente presentar evidencia favorable para defender la validez del endoso.
El debido proceso de ley en su vertiente procesal le impone la obligación a la agencia de garantizar los intereses de libertad y propiedad de un individuo a través de un procedimiento justo y equitativo. Para poder satisfacer estos requerimientos, se le tiene que conceder a la parte una vista previa, con adecuada notificación, donde se le asegure su derecho a ser oído, a confrontarse con testigos y a presentar prueba oral o escrita a su *1076 favor, ante un adjudicar imparcial.
Surge del caso de autos, que el D.R.N.A. no le brindó a la recurrente las garantías ofrecidas por el debido proceso de ley. La recurrida no celebró la vista administrativa, luego de señalar que la iba a conceder y como resultado J.A.M.A. no pudo presentar prueba a su favor ni confrontar los testigos o la evidencia ofrecida en su contra. Concluimos que el D.R.N.A. no cumplió con las exigencias del debido proceso de ley, ni con las garantías de la LPAU.
III
Por los fundamentos antes expuestos, se revoca la resolución emitida por el D.R.N.A. y se devuelve el caso a la agencia. Se ordena la celebración de una vista administrativa que cumpla con todos los requisitos del debido proceso de ley.
Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.
María E. Pérez Ortiz
Secretaria del Tribunal de Apelaciones